R. D. THOMPSON ET AL. V. N. A. KIMBROUGH ET AL.

Decided March 10, 1900.

1. **Action by District School Trustees—Corporate Name.**

In an action by the district trustees of a public school district, it was not error to decline to arrest a judgment in plaintiff's favor on the ground, then first raised, that such board of trustees should have sued by its statutory corporate name, and not in the name of its trustees acting officially.

2. **Same—Power to Sue to Enjoin Nuisance.**

The district school being entrusted by the statute with the control of the schoolhouse and grounds, it becomes their duty to protect the property and preserve its usefulness, and therefore they may bring an action against the county authorities to prevent the maintenance of a quarantine pesthouse so near the schoolhouse as to destroy its usefulness.

3. **Same—Quarantine Matters—Jurisdiction of County Quarantine Officials Not Final and Absolute.**

The authority given by the statute to certain county officials in the matter of quarantine against infectious diseases (Revised Statutes, articles 4321-4340), does not confer such final and exclusive jurisdiction as will prevent the judicial tribunals from enjoining the maintenance by them of a quarantine pesthouse so near a public schoolhouse as to constitute a nuisance destroying the usefulness of the schoolhouse, where other suitable places for the pesthouse could be readily obtained.

APPEAL from Hunt. Tried below before Hon. HOWARD TEMPLETON.

*Craddock & Looney,* for appellants.

*Jones & Starnes* and *Perkins, Gilbert & Perkins,* for appellees.

FINLEY, CHIEF JUSTICE.—This is a suit instituted by the district trustees of school district No. 131 of Hunt County, Texas, against R. D. Thompson, the county judge, J. W. Simmons, J. P. Tippett, W. O. Montgomery, and R. H. Hines, county commissioners, and T. J. Milner, the county health officer. It is a proceeding to enjoin the defendants from further maintaining and using certain property purchased and owned by the county for the purposes of a quarantine detention station and pesthouse for persons who have been exposed to smallpox and those afflicted with the disease. It is alleged that the detention station and pesthouse are located in such proximity to the public schoolhouse and its grounds as to render probable, if not certain, the communication and dissemination of the disease among the school children, should the school be carried on while such property is so used. It is charged that a large number of persons have been and are now kept in said detention station and pesthouse, who have been exposed to the disease and who are actually afflicted with it. That the detention station is within 192 feet from the school grounds; that about one hundred negroes are now detained therein as suspects, and it is charged that they spend their time largely in fiddling, dancing, singing, and shouting, card-playing and hallooing, and fuss-making generally, according to their well-known habits and disposition. It is charged that under these conditions of peril to the health

of the children and annoyance, the school could not be conducted, and that the community had been deprived of the benefits of a school, would continue to be deprived of such benefits, and that the school property would become utterly useless and without value for school purposes. The petition details the facts of the situation fully, and shows that it was wholly unnecessary to the effectual maintenance and enforcement of quarantine to use this particular property as a detention station and pesthouse. That other property suitable for such purposes was available to the county for such uses, from the use of which there would be no danger from contagion or infection. This statement of the petition is sufficient, and will serve to show the character of complaint.

The defendants answered by general demurrer, general denial, and specially denied that there was any danger of dissemination of the disease from the detention station and pesthouse; alleged that the maintenance of such a detention station and pesthouse was necessary to protect the public from the spread of the disease, and that the land occupied for such purposes was the most available in location and surroundings. The case was tried by the court November 7, 1899, and the defendants were finally and perpetually enjoined from the permanent location and maintenance of the detention station and pesthouse at the place in question, and they were required to cease the use of said premises for such purposes not later than December 15, 1899. From this decree the defendants appealed.

The evidence on the trial was sufficient to show these facts:

1. The defendants established a permanent detention station and pesthouse for smallpox so near the public schoolhouse of school district No. 131, Hunt County, Texas, that there existed great danger and probability of the communication of the disease to children who might attend the school. On this account the conduct of the school was prevented, there being quite a large number of persons kept at the detention station who had been exposed to the disease, and quite a large number sick with the disease kept at the pesthouse. The greater number of persons kept in the detention station were negroes, and their conduct was noisy, disturbing, and disagreeable, and of the character alleged. As long as these conditions existed it was neither safe nor practicable to attempt to conduct the school.

2. There was no necessity to use the grounds in question for the purposes stated. There were and are quite a number of suitable and available places which might easily and reasonably be secured by the defendants for such purposes.

3. The evidence fairly established each and all of the allegations contained in the petition.

*Opinion.*—1. It is urged that appellees are not authorized to prosecute this suit in their official capacity as trustees of school district No. 131 of Hunt County, Texas. The point made is, that the board of trustees being made a body politic and corporate in law, it must sue by its cor-

porate name and not in the name of its trustees. The statute makes the trustees of a district a body politic and corporate, to be known by and under the title and name of district trustees of district No. —— and county of ——, State of Texas. Rev. Stats., art. 3954. The petition sets out the names of all the trustees of the particular district; alleges that they are the district trustees of district No. 131, Hunt County, Texas, and as such bring the suit. There was no special exception or plea in limine questioning the authority of appellees to sue in their alleged capacity. The question was first raised on motion in arrest of judgment. The court did not err in declining to arrest the judgment on this ground.

2. It was further insisted, on motion in arrest of judgment, that the school district trustees had no legal right to maintain a suit of this character against the county judge, commissioners court, and county health officer. The statute places the schoolhouse, grounds, and other property under the control of the district trustees. Rev. Stats., art. 3992. Under this statute it becomes their duty to protect the property and preserve its usefulness for school purposes. It is alleged that the acts complained of will destroy the usefulness and value of the property for school purposes. By various statutory provisions the trustees are also charged with responsibility as to the maintenance and conduct of the school. If the ground of interest alone be considered, it would certainly appear that the trustees had such interest in the premises as would give them standing as complainants against persons attempting to injure the school property and interfere with the operation of the school.

3. The further contention is made, that the law invests the commissioners court, in connection with the county health officer, with exclusive and final jurisdiction in the matter of establishing and maintaining pesthouses and detention camps to prevent the spread of smallpox and other infectious and contagious diseases, and that the exercise of this jurisdiction is not subject to review by any judicial tribunal. Our statutes on the subject of quarantine authorize cities and counties to establish and maintain quarantine when thought necessary for the preservation of the public health (Revised Statutes, article 4337), and require their co-operation with the State authorities in the maintenance of a quarantine proclaimed by the Governor of the State. Arts. 4321-4336. It is also required that the county judge of each county shall appoint, after each general election, a "county physician," who is made the health officer of the county. He is charged with the duty of establishing, maintaining, and enforcing local quarantine, when declared by proclamation of the commissioners court. Art. 4339. The commissioners court is authorized, whenever it is believed that they are threatened with the introduction or dissemination of a dangerous, contagious, or infectious disease that may be guarded against by quarantine, to direct the county physician to declare and maintain a quarantine; to establish and maintain detention stations or camps; to provide hospitals, tents, or pesthouses

for the sick, etc., and the county is required to meet the expenses. Art. 4340.

There are no other statutory provisions particularly affecting the subject under consideration. The authority of the commissioners court to proclaim quarantine, and to have it established, maintained, and enforced through the county physician, is not brought in question by this suit. It may, and perhaps should be, admitted that the exercise of that authority is not subject to review by judicial tribunals; but it does not necessarily follow that all the acts of the officers and agents of the county in relation to the subject matter are beyond the reach of judicial authority. The authority of such court to proclaim and cause the enforcement of quarantine does not carry with it the arbitrary power in the officers and agents of the county to unnecessarily violate the rights of others. The existence of such authority does not imply that the officers and agents of the county may establish and maintain a nuisance, either public or private, not necessary to the end to be accomplished. The establishment of a detention station and pesthouse, in which to place, respectively, persons who have been exposed to smallpox and those afflicted with the disease, in such close proximity to a public schoolhouse that the germs of the disease may and probably would be disseminated among the children attending such school, would be the very worst character of nuisance, and would grossly violate the rights of those interested in the school. To uphold such an act would not strengthen the county's efforts to prevent the spread of the loathsome and dangerous disease, but it would support the very means of its dissemination, and thereby defeat the humane object which the law designs to be accomplished. Haggs v. Vanderberg County, 60 Ind., 511; City of Llano v. Llano County, 23 S. W. Rep., 1008; 2 Beach on Inj., sec. 1068, and notes; Wood on Nuis., sec. 70; City of Baltimore v. Improvement Co., 40 L. R. A., 494.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.