## NAIL et al. v. COMPTON et al.
### No. 1599—5984.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

Blanton, Blanton & Blanton, of Abilene, for plaintiffs in error.

James G. Harrell, of Breckenridge, for defendants in error.

SHARP, J.

This suit was instituted in the district court of Shackelford county by W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., Thomas L. Blanton, Jr., Hugh Sherwood, Watt R. Matthews, G. C. Butler, and General Neon Sales Company of Texas, against Emmet A. Jones, George Stribling, Jr., H. F. Stribling, J. C. Raman, T. A. Key, George H. Young, and Guy L. Wagoner. Except as otherwise stated herein, the parties will be referred to as plaintiffs and defendants as they were designated in the trial court.

Plaintiffs amended their petition, and G. C. Butler and the General Neon Sign Corporation were made defendants; Guy L. Wagoner was dismissed from the case. Thereafter the plaintiffs, W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, and W. Graham Webb, Jr., made an affidavit for an attachment. A writ of attachment issued and a levy made upon certain property. G. C. Butler, with George R. Compton and Henry Compton, as sureties, executed a replevy bond for the property attached. The court gave judgment for the plaintiffs against certain defendants, including G. C. Butler, for the sum of $9,750, and also gave judgment for the same amount against Henry and Charles R. Compton, the sureties on the replevy bond. An appeal was made to the Court of Civil Appeals at Eastland, and the judgment of the trial court was affirmed in part and reversed and rendered in part. 36 S.W.(2d) 307. We refer to the opinion of the Court of Civil Appeals for a more detailed statement of the nature of the suit.

The principal question for decision here is raised in the proposition that there was a fatal variance between the affidavit and plaintiffs' petition. The controlling facts are that the allegations in the petition show that a recovery was sought in behalf of six of the plaintiffs for the sum of $9,750, and that each of the six plaintiffs had an individual interest in the amount to the extent of $1,625.

The pertinent parts of the petition read as follows:

"Now come the plaintiffs, W. R. Nail, John Horace Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., and Thomas L. Blanton, Hugh Sherwood, Watt R. Matthews and the General Neon Sales Company of Texas and show to the Court," etc.

With respect to the $9,750.00 claimed by plaintiffs it is alleged: "That the plaintiffs, Nail, Blanton, W. G. Webb, W. Graham Webb, Jr., John Horace Sedwick and John F. Sedwick * * * each caused the sum of $1,625.00 to be paid over to the plaintiff, John H. Sedwick, as the agent of each of them for the purpose of depositing such sum of money with General Neon Sign Corporation. * * * Thereupon the plaintiff, John Horace Sedwick, agent for five of the other plaintiffs mentioned and on his own behalf, delivered to said Jones for and on behalf of all of said plaintiffs, a good and sufficient check for the sum of $9,750.00, which check was payable to the said corporation, General Neon Sign Corporation * * *."

The prayer of the petition contains the following: "That said plaintiffs, Nail, John Horace Sedwick, John F. Sedwick, W. Graham

Webb, Jr., W. G. Webb and Blanton, for their joint use and benefit, do have and recover of and from the defendants severally and jointly * * * the sum of $9,750.00. * * *"

The affidavit for attachment reads as follows:

"Affidavit and Bond in Attachment.

"W. R. Nail, et al. vs. Emmet A. Jones, et al. No. 1254

In the District Court, Shackelford County, Texas.

"The State of Texas, County of Shackelford.

"Before me, the undersigned authority, on this day personally appeared W. R. Nail, John Horace Sedwick, W. G. Webb, John F. Sedwick, and W. Graham Webb, Jr., Plaintiffs in Attachment, in the above styled and numbered cause, who being duly sworn, says that G. C. Butler, one of the Defendants is justly indebted to the Plaintiffs in the sum of Nine Thousand, Seven Hundred, Fifty and No/100 Dollars, of which said indebtedness the sum of $9,750.00 is already due, and that the said Defendant G. C. Butler is about to dispose of his property with intent to defraud his creditors, and that the debt due the plaintiffs in the above Cause No. 1254, is due for property obtained under false pretenses, and these deponents further say that the Attachment now applied for is not sued out for the purpose of injuring or harrassing the said Defendant, and that Plaintiffs will probably lose their debt unless such attachment is issued.

"W. G. Webb
"W. R. Nail
"Jno. F. Sedwick
"John Horace Sedwick
"W. Graham Webb, Jr."

A motion was made in the trial court by interveners, Charles R. and Henry Compton, to quash the attachment proceedings, because, among other reasons, of the variance between the petition and the affidavit for attachment. The law gave them this right. The Leader, Inc., v. Elder Mfg. Co. (Tex. Com. App.) 39 S.W.(2d) 880. The variance pointed out is that the plaintiffs, W. R. Nail, John H. Sedwick, John F. Sedwick, W. G. Webb, W. Graham Webb, Jr., and Thomas L. Blanton, Jr., sought a recovery of $9,750 as disclosed by the petition filed by them. The affidavit for attachment shows that five of the plaintiffs swear that Butler is indebted to them in the sum of $9,750; it also shows that it was signed and sworn to by only five of the plaintiffs; that Thomas L. Blanton, Jr., Hugh Sherwood, Watt R. Matthews, and General Neon Sales Company of Texas did not join therein; and that none of the five plaintiffs signing the affidavit purported to act or sign the affidavit as either agent or attorney for the other plaintiffs. Those signing the affidavit designated themselves "plaintiffs in attachment in the above styled and numbered cause." The amount stated in the affidavit as the "amount of the demand" is $9,750.

The decisions of this state hold that a person seeking the benefit of the summary remedy of attachment must bring himself clearly within the material provisions of the statute, and no presumption can be indulged to support an affidavit defective in any substantial particulars. Perrill & Fox v. Kaufman & Runge, 72 Tex. 214, 12 S. W. 125; 4 Tex. Jur. pp. 170 and 171. Article 275, R. S. 1925, provides that writs of original attachment may issue "upon the plaintiff, his agent or attorney, making an affidavit stating: (1) That the defendant is justly indebted to the plaintiff, and the amount of the demand." Article 24, R. S. 1925, provides that "whenever it may be necessary or proper for any party to a civil suit or proceeding to make an affidavit, it may be made by either the party or his agent or attorney." Thus it will be seen that the statute prescribes that the affidavit shall be made by the "plaintiff, his agent or attorney."

In the case of Cherryhomes et al. v. Carter, 66 Tex. 166, 18 S. W. 443, 444, our Supreme Court announced the rule in the following language: "* * * When an affidavit is made, in the course of a judicial proceeding, by one person in behalf of another, his authority to do so should be made to appear in some way from the record, or it will not serve in the place of the oath of the proper party."

It is undisputed that four of the plaintiffs did not join in making the affidavit for attachment; that Thomas L. Blanton, Jr., with the five plaintiffs making the affidavit, claimed a one-sixth interest in the recovery of $9,750, as described in the petition. Thus it will be seen that in the affidavit made by only five of the plaintiffs who designated themselves as plaintiffs in attachment alleged that G. C. Butler, one of the defendants, is justly indebted to them in the sum of $9,750, whereas in the petition it is alleged that six plaintiffs claimed an interest in equal proportions to the $9,750, as described therein.

The rule is well settled that an important variance between the petition and affidavit will vitiate the writ. 5 Tex. Jur. pp. 204, 205, and cases cited. It is also true that when an affidavit is made by an agent or attorney he should be so described in the affidavit, and an affidavit made by a person other than the plaintiff is fatally defective if it does not designate the affiant as plaintiff's agent or attorney. Willis v. Lyman, 22 Tex. 268; Spencer v. Davis (Tex. Civ. App.) 298 S. W. 443. It is not necessary that the agent or attorney should swear that he acts as such and the requirements of the law are met if he is described as such in the affidavit. 5 Tex. Jur. p. 193.

The affidavit made by the five plaintiffs does not in any way refer to the petition filed

in this cause. However, if the affidavit did refer to the petition, and we should go to it in order to find facts to support the affidavit, we fail to find any facts alleged that would supply the failure of the parties making the affidavit for attachment to assert therein that those making the affidavit were acting as agent or attorney of those plaintiffs who did not join in making the affidavit. Under the rule established this defect becomes material and renders the attachment proceedings fatally defective.

In reaching the conclusion herein stated, we have kept in mind the well-established distinction made by the courts of this state that the attachment proceedings will not be quashed where the amount claimed in the affidavit for attachment is less than the amount claimed in the petition. Evans v. Lawson, 64 Tex. 199; Elrod Bros. & Phillips v. Rice (Tex. Civ. App.) 99 S. W. 733; Donnelly v. Elser, 69 Tex. 282, 6 S. W. 563.

For the reasons stated we recommend that the judgment of the Court of Civil Appeals affirming in part and reversing and rendering in part the judgment of the trial court be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.