### MIDLAND NAT. BANK v. GOLDSMITH et al.
### No. 3168.

Court of Civil Appeals of Texas. El Paso.
March 21, 1935.

T. D. Kimbrough, of Midland, and Whitaker & Peticolas, of El Paso, for appellant.

J. M. Caldwell, of Midland, for appellees.

PELPHREY, Chief Justice.

This suit was filed on December 8, 1933, by appellant against Mrs. C. A. Goldsmith, a widow, and C. M. Goldsmith, defendants, and was a suit on two notes, both payable on demand, one for $2,737, signed by both defendants, and one for $200, signed by C. M. Goldsmith. Affidavit for attachment against C. M. Goldsmith was sworn to on December 8th and filed on December 9th. The grounds set out in the affidavit were that he had disposed of his property with intent to defraud his creditors. Bond in attachment was executed December 8th and approved and filed December 9th.

The writ of attachment appears twice in the transcript, first on page 10 and then again on page 11. On the margin of the transcript there appears the following notation opposite the first: "Writ of Attachment Issued Dec. 8, 1934," while opposite the second there appears this notation, "Writ of Attachment Issued 8th Dec. 1933. Filed Dec. 11, 1933."

The date "1934" is evidently a typographical error.

The sheriff's returns on the two writs are identical, and show that it was executed at 3:30 o'clock p. m. December 9th. The clerk's indorsement as to the first writ merely shows that it was issued December 8, 1933; signed to this indorsement is the name of Nettye C. Romer, clerk. Following the second writ, there appears a certificate of the clerk reciting that the writ together with the officer's return thereon, was filed for record in his office at 11:30 o'clock a. m. December 11, 1933. This certificate is signed by Carl Akin, clerk of Ector county, Tex. Then follows an indorsement showing that the writ issued December 8th and was filed December 11th.

Appellee C. M. Goldsmith on July 9, 1934, filed a plea in abatement setting forth the following grounds: (1) That the allegations of the affidavit were false; (2) that the writ was issued before the affidavit and bond were filed; (3) that the bond was made payable to C. M. Goldsmith only while the writ commanded and the return showed a seizure of the property of both appellants; and (4) that the property seized did not belong to either of the appellees at the time the writ issued.

Goldsmith also filed a motion to quash presenting grounds 2, 3, and 4, above, and in addition asked that the writ be quashed because there was nothing in the affidavit or petition showing any right to have the writ issued to any county other than Midland county, where the suit was pending. Appellant answered the motion to quash, and denied that the writ was issued on December 8th, and alleged that it was issued after the affidavit and bond had been filed, to wit, on December 9th, and that the date shown in the writ was a clerical error, and therefore did not constitute grounds to quash.

On August 4th appellant moved the court to order the clerk to change the date of the writ to December 9th. The court overruled this motion and quashed the writ and levy.

The main suit was tried on August 7th, and appellant dismissed as to Mrs. Goldsmith and took judgment against C. M. Goldsmith for $3,608.60, with interest from that date on the sum of $3,286 at 10 per cent. and on the sum of $322.60 at 6 per cent. The judgment recited the writ had theretofore been quashed and denied the enforcement of the attachment lien. Appellant excepted to the action of the trial court, both in overruling its motion to correct the date on the writ and in refusing to foreclose its asserted attachment.

lien, and has perfected its appeal to this court.

## Opinion.

 Appellant's brief presents several propositions upon which it seeks a reversal of the judgment, but we deem it unnecessary to consider them. It appears that the suit was brought against Mrs. C. A. Goldsmith and C. M. Goldsmith; the affidavit alleges that C. M. Goldsmith was indebted to appellant, and that he had disposed of his property for the purpose of defrauding his creditors; the bond was payable to C. M. Goldsmith only, yet the writ as issued commanded the attachment of the property of both C. M. Goldsmith and Mrs. C. A. Goldsmith. The writ, in so far as it affected the property of Mrs. Goldsmith, was certainly defective and without warrant of law, and, we think, furnished an appropriate ground for quashing the attachment proceeding, regardless of the merits of the grounds presented in the motion to quash.

Person seeking summary remedy of attachment must bring himself clearly within material provisions of the statute (Rev. St. 1925, art. 275). Nail v. Compton (Tex. Com. App.) 55 S.W.(2d) 1028. This the appellant failed to do in this proceeding.

The judgment of the trial court is affirmed.