**J. W. CARPENTER, Sr., Appellant,**

**v.**

**Jeannette CARPENTER, Appellee.**

**No. 17814.**

Court of Civil Appeals of Texas, Dallas.

Jan. 28, 1972.

Jerry Bolin, McKinney, for appellant.

William M. Boyd, Boyd, Veigel & Gay, Inc., McKinney, for appellee.

CLAUDE WILLIAMS, Chief Justice.

The primary question presented by this appeal is· the validity of an attachment bond which has been amended and substituted without compliance with the provisions of Rule 609, Vernon's Texas Rules of Civil Procedure.

The facts are not in dispute. On August 12, 1970 J. W. Carpenter, Sr. brought this action against Jeannette Carpenter on a promissory note in the sum of $6,580 with interest and attorney's fees. On August 13, 1970 Carpenter filed an affidavit for attachment of real property and also an attachment bond which provided that J. W. Carpenter, Sr., as principal, and the sureties thereto, acknowledged themselves bound to "pay to the said J. W. Carpenter, Sr., Plaintiff, the sum of $13,160.00 * * *." The writ of attachment was issued and returned on August 14, 1970. Thereafter Carpenter filed a substitute

amended attachment bond properly payable to Jeannette Carpenter. The bond is dated August 13, 1970. The file mark on the bond is October 26, 1970 but does not appear to have been signed and approved by the trial judge until May 21, 1971. Carpenter filed a motion to reattach the real property on May 21, 1971 and the officer's return on the writ was made the same date.

The trial court, sitting without a jury, rendered judgment in favor of Carpenter for $6,580 principal of the promissory note, together with interest in the sum of $1,952.04, but denied recovery of the contractual 10 per cent attorney's fee. The court also decreed that the attachment of August 14, 1970 was void. Appellant's appeal from such judgment involves only the validity of the attachment and the denial of attorney's fees.

Article 279, Vernon's Tex.Rev.Civ.Stat. Ann., as amended in 1965, provides that before the issuance of any writ of attachment the applicant must execute a bond, with two or more good and sufficient sureties, payable to the defendant in an amount to be fixed by the judge or by the justice of the peace issuing the attachment. The original attachment bond dated August 13, 1970 was not in compliance with the statutory requirements in that it was not payable to the defendant Jeannette Carpenter but was payable to the plaintiff J. W. Carpenter, Sr., who was also principal on the bond. Appellant concedes that the original attachment bond was not in compliance with the statute but contends that the error was clerical and was amended pursuant to Rule 609, T.R.C.P. We cannot agree.

Since an early date in the history of our jurisprudence it has been said that the remedy by attachment is oppressive and harsh and therefore is subject to rigid rules of construction. Wooster v. McGee, 1 Tex. 17 (1846); Sweatt v. Grogan, 25 F.Supp. 585 (Dist.Ct.1939); and Midland Nat. Bank v. Goldsmith, 81 S.W.2d 120 (Tex.Civ.App., El Paso 1935).

Prior to Rule 609, T.R.C.P., no provision was made for the amendment or substitution of attachment bonds. The rule itself provides that clerical errors in the affidavit, bond or writ of attachment, or the officer's return thereof, may, upon *application in writing* to the judge or justice of the court in which the suit is filed, and after *notice to the opponent,* be amended in such manner and on such terms as the judge or justice shall authorize by an *order entered in the minutes of the court and noted on the docket.*

While we find no cases construing this rule it is evident to us that it was the obvious purpose of the Supreme Court to require, as a condition precedent to amendment or substitution, that there first be an application made for such amendment or substitution; that due notice be given the opponent; and that such change or alteration of the bond be made in accordance with an order signed by the judge or justice.

We do not reach the question of whether the error in the original bond was "clerical" or otherwise since it is clear, and appellant concedes, that the requirements of Rule 609, T.R.C.P., were not complied with prior to the filing of the second attachment bond. We hold that these requirements are mandatory and must be complied with before an attachment bond may be corrected or substituted.

Neither can we agree with appellant's contention that appellee had waived the defect in the August 13, 1970 bond by not directing the court's attention to such defect in a motion. Since the bond was not prepared in accordance with the statute it was fatally defective and void. Appellant recognized this fact and attempted to prepare a new bond which was filed later but not in compliance with Rule 609, T.R.C.P. The trial court was correct in decreeing that the writ of attachment, based upon a bond not filed in accordance with the law, was invalid and of no force

and effect. Appellant's points 1 through 4, inclusive, are overruled.

In his fifth point of error appellant complains of the action of the trial court in refusing to include in the judgment the attorney's fees provided in the note. Appellee concedes in her brief that appellant's point 5 is valid and that the trial court should have included in the judgment against her an amount equal to 10 per cent of the principal and interest then due. Accordingly, we sustain the point and reform the judgment so that J. W. Carpenter, Sr. do have and recover of and from Jeannette Carpenter and J. W. Carpenter, Jr., the sum of $6,580 principal; $1,952.04 interest; and $853.20 attorney's fees, or a total of $9,385.24, together with 6 per cent interest thereon from August 6, 1971, the date of judgment in the trial court. Costs of this appeal are assessed equally between appellant and appellee.

The judgment of the trial court, as reformed, is affirmed.