**S.R.S. WORLD WHEELS, INC. d/b/a Metroplex Wheel, Relator,**

v.

**Honorable Paul ENLOW, Judge 141st District Court, and Honorable Bob McCoy, Tarrant County, Texas, Respondents.**

No. 2–97–108–CV.

Court of Appeals of Texas,
Fort Worth.

May 15, 1997.

Pope, Hardwicke, Christie, Harrell, Schell & Kelly, L.L.P., Lee F. Christie and Nathaniel Peter Holzer, Fort Worth, for Relator.

Rohne, Hoodenpyle, Lobert Myers & Scott, P.C., James E. Lobert, Arlington, for Real Party.

Before DAY, BRIGHAM and HOLMAN, JJ.

**OPINION**

HOLMAN, Justice.

In this original proceeding, we address whether a trial court can issue a prejudgment writ of attachment in a lawsuit for unliquidated tort damages. Because we hold that a writ of attachment is improper in this situation, we conditionally grant the writ of mandamus.

Wheels America Alloy Wheel Remanufacturing, Inc., d/b/a Wheels America ("Wheels America") is the plaintiff and real party in interest in this proceeding. S.R.S. World Wheels, Inc., d/b/a Metroplex Wheel ("Metroplex") is a defendant below and the relator. Wheels America has sued Metroplex for tortious interference with contract and misappropriation of trade secrets and confiden-

tial information, claiming unliquidated damages.[1]

In early April 1997, Wheels America applied for a writ of attachment prior to judgment. After a hearing, the trial court granted the application and issued a prejudgment writ of attachment. Metroplex moved to dissolve the writ, but the trial court denied the motion. This original proceeding followed.

■ Mandamus relief is appropriate in this case because relator has no adequate remedy at law by which to reobtain possession of its property. *See Fogel v. White*, 745 S.W.2d 444, 447 (Tex.App.—Houston [14th Dist.] 1988, orig. proceeding) (mandamus proper where district court refused to quash writ of garnishment and relator had exhausted all his legal remedies). We hold that the trial court abused its discretion by issuing the writ because the application for writ of attachment and its supporting affidavit do not comply with the requirements for a writ of attachment set out in the Texas Civil Practice and Remedies Code.

■ Attachment is a harsh, oppressive remedy; therefore, attachment is not available unless statutory safeguards are strictly observed. *See Midland Nat'l Bank v. Goldsmith*, 81 S.W.2d 120, 121 (Tex.Civ.App.—El Paso 1935, no writ); *Nail v. Compton*, 55 S.W.2d 1028, 1029 (Tex. Comm'n App.1932, holding approved); *see also* TEX.R. CIV. P. 592. The statutory requirements for issuance of a writ are:

- the defendant is justly indebted to the plaintiff;
- the attachment is not sought to injure or harass the defendant;
- the plaintiff will probably lose his debt unless the writ of attachment is issued; and
- specific grounds for the writ exist under section 61.002 of the Texas Civil Practice and Remedies Code.

TEX. CIV. PRAC. & REM.CODE ANN. § 61.001 (Vernon 1986).

Wheels America alleged in its application that Metroplex engaged in tortious conduct that "proximately caused damage to [Wheels America] in the amount of at least $100,-000.00 for which [Metroplex] is justly indebted." To show its entitlement to a writ of attachment, Wheels America was required to support this allegation with an affidavit that set forth specific facts admissible into evidence. TEX.R. CIV. P. 592. Wheels America did not do so; its president merely alleged by affidavit that Metroplex "is justly indebted to [Wheels America]." This unsubstantiated conclusory allegation is not evidence. The affidavit does not recite a single fact to show, for example, when the debt allegedly arose, what it was for, or its amount. Wheels America also relied on its pleadings to prove that Metroplex was "justly indebted," but pleadings are not competent evidence. *Cf. Manges v. Mustang Oil Tool Co.*, 658 S.W.2d 725, 730 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (pleading without proof will not support judgment).

■ By its allegation in the application, Wheels America attempted to camouflage a tort claim for unliquidated damages as a debt. A writ of attachment generally will not issue in a lawsuit alleging damages arising in tort. *See E.E. Maxwell Co. v. Arti Decor, Ltd.*, 638 F.Supp. 749, 751–53 (N.D.Tex. 1986); *Cleveland v. San Antonio Bldg. & Loan Ass'n*, 148 Tex. 211, 223 S.W.2d 226, 228 (1949). In addition, a writ of attachment is not available when, as in this case, the applicant's claims are for unliquidated damages. *See 21 Turtle Creek Square, Ltd. v. New York State Teachers' Retirement Sys.*, 425 F.2d 1366, 1368–69 (5th Cir.), *modified on other grounds*, 432 F.2d 64 (5th Cir.1970), *cert. denied*, 401 U.S. 955, 91 S.Ct. 975, 28 L.Ed.2d 239 (1971); *Sharman v. Schuble*, 846 S.W.2d 574, 576 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 61.022 (Vernon 1986). If a jury must determine the final amount of damages, then attachment will not lie. *See 21 Turtle Creek Square*, 425 F.2d at 1369.

■ TEX. CIV. PRAC. & REM.CODE ANN. § 61.005 (Vernon 1986) provides an exception to this rule:

---

1. Wheels America has also sued other defendants in the underlying case for breach of contract and breach of fiduciary duty. Those defendants are not parties to this original proceeding, however.

Nothing in this chapter prevents issuance of a writ of attachment in a suit founded in tort or on an unliquidated demand against an individual, partnership, association, or corporation on whom personal service cannot be obtained in this state.

*Id.* This exception applies to cases in which the trial court lacks in personam jurisdiction over the defendant, *see, e.g., Felker v. Douglass,* 57 S.W. 323, 324 (Tex.Civ.App.—1900, no writ), or where the plaintiff has unsuccessfully attempted to serve the defendant with the lawsuit itself. The exception does not apply in this case, because Metroplex was served with process and appeared through its attorney of record before the application for writ of attachment was ever filed.[2]

Wheels America has not directed us to any case in which the court held that a writ of attachment is available under the facts of this situation:

- Wheels America did not put on any evidence that Metroplex was justly indebted to Wheels America;
- Wheels America has brought only tort claims against Metroplex;
- Wheels America seeks unliquidated damages "in the amount of at least $100,-000.00," the actual amount being a fact issue for the jury; and
- Metroplex has been served with process and has appeared in the case through its attorney of record.

Because Wheels America did not put on any evidence that Metroplex is justly indebted to it, but instead seeks to recover unliquidated tort damages from Metroplex, the trial court abused its discretion by issuing the writ of attachment. Consequently, we conditionally grant Metroplex's petition for writ of mandamus. A writ will issue only if the trial court fails to vacate its order issuing the writ of attachment, dissolve the writ of attachment, and order the constable to immediately

relinquish possession of Metroplex's property. Wheels America shall bear all costs related to this proceeding.

---

**2.** Wheels America's president alleged by affidavit that Metroplex's registered agent was believed to be hiding "to avoid being served with process." This allegation apparently refers to Wheels America's attempts to serve Metroplex with the application for writ of attachment, not the original lawsuit. If the requirements of section 61.001 are met, attachment is available if "the defendant is in hiding so that ordinary process of law cannot be served on him." Tex. Civ. Prac. & Rem.Code Ann. § 61.002(3) (Vernon 1986). Because we hold that Wheels America did not meet the requirements of section 61.001, we need not consider this allegation.