COURT OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO.
2-03-019-CV
 
IN RE CHARLES M. NOTEBOOM AND                                                 
RELATORS
CHARLES M. NOTEBOOM, P.C.
 
AND
 
NO. 2-03-031-CV
 
CHARLES M. NOTEBOOM AND                                                        
  APPELLANTS
CHARLES M. NOTEBOOM, P.C.
V.
JAY K. GRAY AND JAY K. GRAY, P.C.       
           
           
           
    APPELLEES
------------
FROM THE 48
TH DISTRICT COURT OF TARRANT
COUNTY
------------
OPINION
------------
This original proceeding and direct
appeal, originally filed separately, are consolidated in the interest of justice
and judicial economy. We begin by addressing the issues presented in the
original proceeding.
ORIGINAL PROCEEDING
The relators in this original
proceeding, Charles M. Noteboom and Charles M. Noteboom, P.C. (collectively
"Noteboom"), seek a writ of mandamus directing the trial court to
vacate its order requiring Noteboom to provide discovery and monetary security
to the real party in interest, Jay K. Gray and Jay K. Gray, P.C., (collectively
"Gray"), during the time the case is abated and pending arbitration
under the Texas General Arbitration Act. See Tex. Civ. Prac. & Rem.
Code Ann. § 171.001-.098 (Vernon Supp. 2003). We conditionally grant the writ
of mandamus.
A. General
Background
The underlying dispute between the
parties involves the division of proceeds from a number of contingent fee
contracts in personal injury cases between Noteboom and Gray following the
dissolution of their law firm partnership. Noteboom seeks mandamus relief in
connection with the trial court's order directing him to do two things while the
underlying case is abated and pending arbitration: (1) provide his former
partner, Gray, with a list of all pending cases in "which the law firm of
Noteboom and Gray, L.L.P. provided services on behalf of the client"; and
(2) provide either a monetary sum, or bond approved by the court, to be
deposited with the court for "any case on which the law firm of Noteboom
and Gray, L.L.P. was at any time a law firm of record" in the amount of the
percentage of "30% of all fees of $1,000,000 or less" and "50% of
all fees greater than $1,000,000." (1)
Noteboom and Gray are former
partners in Noteboom & Gray, L.L.P., a Fort Worth area law firm representing
primarily plaintiffs in personal injury cases. During the dissolution of the
legal partnership a dispute developed concerning the ownership rights of
contingent fees generated in the firm's cases. Noteboom filed suit against Gray.
Gray answered and filed a counter-claim against Noteboom. Because the written
Partnership Agreement provided for arbitration under the Texas General
Arbitration Act of any controversy involving the construction, conditions, and
application of the agreement upon the written request of either of the partners,
when Noteboom filed a motion to compel arbitration and abate the proceedings,
the trial court entered an order granting that request. (2)
See Tex. Civ. Prac. & Rem. Code Ann. § 171.021 (requiring the
issuance of an order to arbitrate on the application of a party showing an
agreement to arbitrate and the opposing party's refusal to arbitrate). Neither
party contests the abatement order compelling arbitration. Rather, Noteboom
alleges that because the case had been abated, the trial court had no discretion
to issue a subsequent order that required him to submit a list of cases and
status reports in those cases, and that the trial court failed to afford him due
process when it required him to post either money or a security bond for each
case resolved while the instant cause is pending arbitration, without allowing
him to introduce evidence showing the alleged lack of validity of Gray's claim.
B. Mandamus
Requirements
Mandamus is an extraordinary remedy
available only in limited circumstances to correct a clear abuse of discretion
or the violation of a duty imposed by law when the relator has no adequate
remedy by appeal. See In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d
178, 179 (Tex. 2003) (orig. proceeding) (citing Republican Party of Tex. v.
Dietz, 940 S.W.2d 86, 88 (Tex. 1997) (orig. proceeding)). A trial court
abuses its discretion if it acts in an arbitrary or unreasonable manner without
reference to any guiding rules or principles. See In re Nitla S.A. de C.V.,
92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding) (citing Downer v.
Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986)). When reviewing matters committed to a trial
court's discretion, an appellate court may not substitute its own judgment for
the trial court's judgment. See id. A clear failure by the trial court
to analyze the law correctly will constitute an abuse of discretion. See
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).
Here, Noteboom has no adequate
remedy by appeal because, with respect to the prejudgment monetary security
required by the trial court's order, no legal remedy is available to protect
Noteboom from the ongoing monetary resource drain he contends could lead to the
inability to meet the necessary and present costs of operating his law firm. See
S.R.S. World Wheels, Inc. v. Enlow, 946 S.W.2d 574, 575 (Tex. App--Fort
Worth 1997, orig. proceeding) (granting mandamus relief in connection with a
prejudgment writ of attachment under which relator had no adequate remedy at law
by which to obtain possession of its property). The trial court specifically
held that the order complained of was not a temporary injunction, and it is
clear the order was entered instead in an attempt to comply with the bond
procedure set forth under the Texas General Arbitration Act. Tex. Civ. Prac.
& Rem. Code Ann. § 171.086. Because the order was not a temporary
injunction, the avenue of an interlocutory appeal is not available to Noteboom. Compare
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he
general rule, with a few mostly statutory exceptions, is that an appeal may be
taken only from a final judgment.") with Tex. Civ. Prac. & Rem.
Code Ann. § 51.014(a)(4) ("A person may appeal from an interlocutory order
of a district court . . . that: . . . grants or refuses a temporary injunction .
. . .").
C. The Authority Of
The Trial Court To Require Security
After The Case Has Been Abated Pending
Arbitration
The Texas General Arbitration Act
provides that a trial court may require security while the case is pending
arbitration:

 § 171.086 Orders That
 May be Rendered
 . . . .
        
 (b) During the period an arbitration is pending before the arbitrators or at
 or after the conclusion of the arbitration, a party may file an application
 for a court order, including an order:
 . . . .
 
        
 (4) to require security for the satisfaction of a court judgment that may be
 later entered under an award;
 

Tex. Civ. Prac. & Rem. Code
Ann. § 171.086.
Noteboom contends the trial court's
order requiring security during the pendency of arbitration should be vacated
for a number or reasons, including his contention that the trial court abused
its discretion by issuing the order in violation of Noteboom's procedural due
process rights. Those violations occurred, according to Noteboom, because the
trial court failed to afford him a full hearing at which Noteboom could present
evidence that he was likely to be the prevailing party in the dispute. We agree.
Although nothing in the Texas
General Arbitration Act specifies the procedural safeguards the trial court must
undertake to ensure the fairness of the security the court might require of
litigants following the filing of an application for security under section
171.086, we hold that the trial court, at a minimum, is required to permit the
nonmovant the opportunity at a hearing to introduce evidence addressing the
probable validity of the underlying claims. See Sniadach v. Family Fin. Corp.,
395 U.S. 337, 338-39, 89 S. Ct. 1820, 1821 (1969) (holding that procedural due
process considerations require that the nonmovant in prejudgment garnishment
action be given the opportunity to be heard on merits of claim prior to
garnishment); see also N. Ga. Finishing, Inc. v. Di-Chem, Inc., 419
U.S. 601, 606-07, 95 S. Ct. 719, 722-23 (1975) (holding no distinction exists
between constitutional safeguards involving prejudgment garnishment and
prejudgment security bonds, nor between rights applicable to corporations
deprived of bank accounts and individuals deprived of household necessities).
Here, the record reflects the trial court was attempting the admirable goal of
safeguarding sufficient assets necessary to satisfy any future money award on
final judgment of the case; however, by refusing to permit Noteboom the
opportunity to introduce evidence concerning the merits of the claims prior to
the trial court's setting of the bond amount, the trial court failed to afford
Noteboom the procedural due process to which he was entitled.
(3)
Because we grant Noteboom
conditional relief on this issue, we need not address the remaining issues on
which he seeks to vacate the trial court's order setting bond. In addition,
because both Noteboom and Gray agreed during their oral presentations to this
court that Noteboom has fully complied with the remaining portion of the order
directing that he furnish Gray a status report listing all pending cases in his
possession for which Noteboom & Gray, L.L.P. was the law firm of record, and
further agree that Noteboom's complaint on this subject in this original
proceeding is now moot, we hold that the complaint relating to that portion of
the order is moot.
D. Conclusion As To
Mandamus
We hold that the trial court abused
its discretion when it required Noteboom to deposit either a monetary amount
into the registry of the court, or post an equivalent bond in each case resolved
during arbitration without affording Noteboom the opportunity to present
evidence on the question of the validity of the underlying claims. A writ of
mandamus will issue only if the trial court fails to vacate that portion of its
order. All other relief requested by Noteboom in this original proceeding is
denied.
 
NOTEBOOM'S DIRECT
APPEAL
Noteboom's direct appeal presents
similar issues and is premised on the possibility that the relief requested in
his original proceeding might be rejected by us on the ground the trial court's
order constituted a temporary injunction for which he had an adequate remedy by
appeal, i.e., his ability to obtain relief by interlocutory appeal. Gray's brief
in this appeal expressly requests that this court dismiss the appeal for want of
jurisdiction because the trial court's order is not a temporary injunction and
is therefore not appealable. As noted above, we have determined that the trial
court's order was not a temporary injunction and we have conditionally granted
mandamus relief after determining, in part, that Noteboom has no adequate remedy
by appeal. Because the trial court's order did not constitute a temporary
injunction, and the judgment is not final, we are without jurisdiction to
consider the merits of the appeal. The appeal is dismissed for want of
jurisdiction. See Tex. R. App. P. 42.3(a).
 
                                                       
   DAVID L. RICHARDS
                                                       
   JUSTICE

PANEL M: WILLIAM J. CORNELIUS and
JOHN T. BOYD, JJ. (Retired, Sitting by Assignment); and DAVID L. RICHARDS, J.
(Sitting by Assignment).
 
DELIVERED: July 3, 2003

1. The order placed similar requirements on Gray, but they
are not challenged in this action.
2. The Partnership Agreement provides:

        
 16.06 Arbitration. As
 concluded by the Partners on the advice of counsel, and as evidenced by the
 signatures of the Partners and the signatures of their respective attorneys,
 any controversy between the Partners involved in the construction or
 application of any of the terms, covenants or conditions of this agreement,
 shall, on the written request of one of the Partners served upon the
 Partnership or upon the other Partners, be submitted to arbitration, and such
 arbitration shall comply with and be governed by the provisions of the Texas
 General Arbitration Act, Articles 224 through 238-6 of The Revised Civil
 Statutes of Texas. In the event of arbitration at a time when there are only
 two Partners in the Partnership, one Partner shall appoint one arbitrator, the
 other Partner shall appoint one arbitrator and the two arbitrators thus
 selected shall appoint a third arbitrator. A majority decision of the three
 arbitrators shall be sufficient to decide any dispute.
 
 3. During the hearing on the issue of security, the
 trial court admonished Noteboom's counsel when he attempted to go into the
 merits of the case and stated that for purposes of determining the issue of
 what security each side should provide the court would "start out with
 the position that all the files that were in existence at the time of the
 event [the breakup of Noteboom & Gray, L.L.P.] were assets of Noteboom
 & Gray, whether they presently are in the hands of Mr. Gray or whether
 they're presently in the hands of Mr. Noteboom." The position Noteboom's
 counsel was attempting to advance through evidence was that any proceeds of
 the files taken by Gray actually belonged to Noteboom. The court subsequently
 stated "And so I'm going to stop Mr. Foster [Noteboom's counsel] from
 asking Mr. Gray money number figures or legal position figures. So let's stop
 that line of questioning."