**Affirmed and Memorandum Opinion filed August 9, 2012.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

### NO. 14-11-00024-CV
_____

### RICHARD ALAN HAASE, Appellant

### V.

### PEARL RIVER POLYMERS, INC., POLYCHEMIE, INC., POLYDYNE, INC., CHEMTALL, INC., SNF HOLDING COMPANY, SNF, INC., WRIGHT & CLOSE, LLP, AND PROVOST UMPHREY, LLP, Appellees

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 09-DCV-175011A**

## MEMORANDUM OPINION

In his federal suit against a group of chemical companies for alleged patent infringement, appellant Richard Alan Haase was sanctioned for failing to disclose the results of tests harmful to his case. After the sanctions were partially affirmed on appeal, Haase brought this suit in state court against the chemical companies and their counsel, alleging that they were responsible for the damages that the sanctions caused him. The

trial court granted the defendants' motion for summary judgment on all of Haase's claims, and Haase appeals the ruling. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because all of Haase's claimed damages arise from his federal patent litigation, we begin with the history of that case. During the course of the patent litigation, the federal district and appellate courts issued four sets of rulings that are relevant to this case.[1] We will refer to these as the Sanctions Ruling, the Sanctions Appeal, the Patent-Infringement Ruling, and the Patent-Infringement Appeal.

Richard Alan Haase and his company, ClearValue, Inc., sued appellees Pearl River Polymers, Inc., Polychemie, Inc., Polydyne, Inc., Chemtall, Inc., SNF Holding Company, and SNF, Inc. (collectively, "Pearl River") in federal court for alleged misappropriation of trade secrets and indirect patent infringement. According to Haase, these parties manufactured chemicals used in water purification, and certain of these products had viscosity similar to the viscosity of a formula he developed for the same purpose.

### A. The Sanctions Ruling

More than a year before trial, Haase obtained samples of Pearl River's products from a third party and arranged for testing by two different labs. The test results showed that viscosity of the samples was far below that of Haase's formula. Haase shared the results with his retained expert, but he did not reveal the test results to opposing counsel—even though the results of tests such as these had been requested by Pearl River and Haase was bound by the federal district court's discovery order to produce them.

---

[1] We refer to each court's judgment, order, and opinion on the same issue as a single ruling.

The existence of these test results was revealed at trial. Haase initially stated that he had seen some test results, but was not involved in the testing, and did not know when the tests were conducted. He also expressed his belief that the test results were privileged. On the second day of trial, Haase's testifying expert revealed that he had seen the test results. Although this eliminated the claim of privilege, Haase told the trial court that he had not shared the test results with his attorneys. The trial court ordered Haase to find the test report and produce it to opposing counsel by 8:00 p.m., and added that "the Court will consider any motion for sanctions at 8:45 in the morning."

Pearl River moved for sanctions against Haase and Haase's counsel, and evidence that came out in the day-long sanctions hearing contradicted Haase's previous representations to the court. Among other things, there were emails between Haase, his attorney, and the expert concerning the tests. The trial court informed the parties that it was striking Haase's pleadings and entering judgment for Pearl River, and instructed Pearl River to produce evidence of its attorneys' fees. Ultimately, the trial court imposed sanctions of $2,717,098.34. *ClearValue, Inc. v Pearl River*, 242 F.R.D. 362 (E.D. Tex. June 28, 2007) ("*ClearValue I*").

### B. The Sanctions Appeal

Haase challenged the sanctions, and the federal appellate court affirmed in part and reversed in part. The appellate court agreed that the record supported the conclusion that Haase's unjustified failure to disclose the results of the test was performed willfully and in bad faith; however, that court also held that under governing precedent, Haase's conduct did not warrant death-penalty sanctions. The appellate court therefore reversed the order striking Haase's pleadings, reduced the monetary sanctions to $121,107.38, and remanded the case. *ClearValue, Inc. v. Pearl River Polymers, Inc.*, 560 F.3d 1291 (Fed. Cir. 2009) ("*ClearValue II*").

3

## C. The Patent-Infringement Ruling

During the course of the remand, Haase moved to sanction Pearl River for alleged misrepresentations made during the sanctions hearing, but the federal district court denied the motion. Haase also continued to challenge the remaining sanctions against him, but without success. *See ClearValue, Inc. v. Pearl River Polymers, Inc.*, 735 F. Supp. 2d 560, 585 (E.D. Tex. 2010) ("*ClearValue III*") ("On remand, rather than put its sanctionable conduct behind it, ClearValue has persisted in re-raising the issue. ClearValue voluntarily dismissed its fraud, conspiracy, and breach of contract claims, and the Court declines to address these issues under the cloak of ClearValue's motion to vacate sanctions award.").[2]

A jury found in Haase's favor on his claims of trade-secret misappropriation and indirect patent infringement. The trial court granted Pearl River's judgment as a matter of law on the claim of trade-secret misappropriation, and entered judgment on the indirect patent-infringement claim, awarding damages collectively to Haase and ClearValue Inc. in the amount of $2,172,617, together with prejudgment and postjudgment interest. *See id.* at 571. The trial court then reduced the damages by $121,107.38, representing the previously affirmed sanctions against Haase. *Id.* at 585.

## D. The Patent-Infringement Appeal

Both sides appealed the judgment on the patent issues, and the federal appellate court ruled in Pearl River's favor. *See generally ClearValue, Inc. v. Pearl River Polymers, Inc.*, 668 F.3d 1340 (Fed. Cir. 2012) ("*ClearValue IV*"). Specifically, the reviewing court concluded that Pearl River had not misappropriated a trade secret and that Haase's patent was invalid. *Id.* at 1342. Haase did not appeal the trial court's denial of his motion to sanction Pearl River or its refusal to grant his motion to vacate the sanctions award.

---

[2] The court defined "ClearValue" to include Haase.

## E. This Litigation

Six months after the federal appellate court partially affirmed the sanctions imposed against Haase and ClearValue, Haase filed this suit in state court against Pearl River and the two law firms that represented Pearl River in the patent litigation, Wright & Close, L.L.P. and Provost Umphrey, L.L.P. ("the law-firm defendants").[3]   Haase asserted causes of action for slander, fraud, conspiracy, malicious prosecution, abuse of process, breach of contract, and "extortion and exploitation of the judicial process."[4]   Nearly all of the facts that he alleged in support of these claims previously had been asserted in the federal district court in connection with various sanctions motions.   The defendants asserted diversity and federal-question jurisdiction and removed the case to federal court, where it was transferred to the same court in which the patent lawsuit was pending.   The federal court concluded that it lacked jurisdiction and remanded the case back to the state district court.

The defendants moved for summary judgment on both traditional and no-evidence grounds.   The trial court granted summary judgment without specifying the grounds, and Haase brought this appeal.

---

[3] Haase also sued the law firm that represented him in the patent litigation and an additional chemical company.  He later nonsuited the claims against his former attorney's firm, and the claims against the remaining chemical company have been severed from the claims at issue in this appeal.   We do not include either of these entities in our references to "the defendants."

[4] Haase also included in his pleadings the assertion that the defendants' motion to have him declared a vexatious litigant was groundless and brought in bad faith, and thus, the defendants "are guilty of violating" Rule 13 of the Texas Rules of Civil Procedure.  We construe this claim as a motion for sanctions, because there is no independent cause of action for Rule 13 sanctions, and the rule itself provides for sanctions only "upon *motion* or upon [the court's] own initiative."   *See* TEX. R. CIV. P. 13 (emphasis added); *Mantri v. Bergman*, 153 S.W.3d 715, 717 (Tex. App.—Dallas 2005, pet. denied) ("The Texas courts have treated proceedings for sanctions as motions, not as independent causes of action.").

## II. STANDARD OF REVIEW

We review the trial court's grant of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.2d 184, 192 (Tex. 2007)). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

The movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A defendant who moves for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). On appeal, the summary-judgment movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

6

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks*, 206 S.W.3d at 582. We sustain a no-evidence summary judgment when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810. The evidence is insufficient if "it is 'so weak as to do no more than create a mere surmise or suspicion'" that the challenged fact exists. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)).

### III. ANALYSIS

Although there are multiple grounds on which to sustain the judgment, an appellate court's opinions must be as brief as practicable while addressing "every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. And, when both traditional and no-evidence grounds for summary judgment have been raised, it usually is most efficient to begin by determining whether the respondent produced sufficient evidence to defeat a no-evidence summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We accordingly address one no-evidence issue that is sufficient to sustain the judgment as to all of Haase's claims: there is no competent

7

summary-judgment evidence that any of the defendants' acts or omissions alleged in this case caused Haase to sustain damages.[5]

In responding to the defendants' contention that there was no evidence that the conduct alleged caused him harm, Haase stated the following in his summary-judgment response:

> Movants argue that Non-movant has not been damaged. In response, Non-movant presents (1) a 3-1/2 year delay to enforce the '690 Patent; (2) loss of capability to grow many planned businesses from a significant portfolio of intellectual property due to the vexation and humiliation associated with the 2007 federal Memorandum, Opinion, Order and Final Judgments; (3) the financial shut down of ClearValue and loss of the associated personal net worth therein associated due to the vexation and humiliation associated with the 2007 federal Memorandum, Opinion, Order and Final Judgments; (4) significant loss of intellectual property ownership due to both losing international and U.S. patent applications resulting from a loss of available funds and being forced to sell positions in remaining intellectual property as a means to financially continue intellectual property prosecution due to the vexation and humiliation associated with the 2007 Federal Memorandum, Opinion, Order and Final Judgments; (5) loss of income and the associated personal, as well as family, mental suffering due to the vexation and humiliation associated with the 2007 federal Memorandum, Opinion, Order and Final Judgments; and (6) loss of industry reputation, due to the public knowledge of scandal, humiliation and vexation associated with the 2007 Federal Memorandum, Opinion, Order and Final

---

[5] Causation of damages is an element of each of Haase's claims. *See, e.g.*, *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (fraud); *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997) (malicious prosecution); *Downing v. Burns*, 348 S.W.3d 415, 424 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (defamation); *West v. Triple B. Servs., LLP*, 264 S.W.3d 440, 446 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (breach of contract); and *Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (abuse of process). Although there is no cause of action referred to as "extortion and exploitation of the judicial process," claims of "extortion" have been treated as claims for unlawful conversion. *See, e.g.*, *Perkins v. Groff*, 936 S.W.2d 661, 668 (Tex. App.—Dallas 1996, writ denied); *Bowles v. Reed*, 913 S.W.2d 652, 658 (Tex. App.—Waco 1995, writ denied). To recover for conversion, a plaintiff must prove damages. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147 (Tex. 1997) (per curiam). Finally, "conspiracy is not an independent cause of action, but requires an underlying tort . . . ." *Zarzana v. Ashley*, 218 S.W.3d 152, 162 (Tex. App.—Houston [14th Dist.] 2007, pet. struck). And, if summary judgment is proper on the underlying tort claim, then it is proper on the associated conspiracy claim. *Id.*

8

Judgments.  Non-movant also refers to his damages claims in his Second Amended Petition.

Non-movant also refers "A claimant is entitled to recover adequate compensation covering all elements of the injury caused by the malicious prosecution.  These elements include: (1) loss of time; (2) injury to feelings, reputation, character, and health; (3) mental suffering; (4) general impairment of social and mercantile standing; (5) actual loss and injury to property, interest and credit; (6) decrease in earning capacity; and (7) all losses sustained in business, along with Non-movant's business plan which demonstrates significant Intellectual Property comprising significant business opportunity.[6]

As we understand his response, Haase asserted that he was damaged by the defendants' conduct in three ways.  First, he contended that the Sanctions Ruling of *ClearValue I* caused him mental anguish, which led to various economic damages.   Second, he asserted that the sanctions delayed the enforcement of his patent.   And third, he claimed that public knowledge of the sanctions and of his mental anguish injured his reputation.

Haase cited the following evidence to support his claim for damages: the Sanctions Ruling of *ClearValue I*; the Patent-Infringement Ruling of *ClearValue III*; ClearValue, Inc.'s business plan, dated January 5, 2007; and his second amended petition in this suit.[7] Haase also included an eight-paragraph affidavit in support of his summary-judgment response.  This evidence does not raise a fact issue on the questions of whether Haase suffered damages or whether the defendants caused the damages.

First, we conclude that Haase presented no evidence of any mental-anguish damages.  Legally sufficient evidence of mental anguish consists of (a) "direct evidence of the nature, duration, and severity" of the mental anguish, "establishing a substantial disruption in the [plaintiff's] daily routine"; or (b) circumstantial evidence of "'a high

---

[6] Footnotes omitted.

[7] *But see Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn are verified.").

degree of mental pain and distress' that is 'more than mere worry, anxiety, vexation, embarrassment, or anger.'" *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995) (quoting *J.B. Custom Design & Bldg. v. Clawson*, 794 S.W.2d 38, 43 (Tex. App.—Houston [1st Dist.] 1990, no writ)). In his summary-judgment response, Haase failed to present any evidence in support of his claim for mental anguish. He stated in his affidavit that his own attorney yelled at him, but he mentioned no mental pain or distress. No other evidence was offered on the point, and the mere fact that he was sanctioned does not support an inference that Haase suffered mental anguish. *See Serv. Corp. Int'l. v. Guerra*, 348 S.W.3d 221, 231 (Tex. 2011) ("Even when an occurrence is of the type for which mental anguish damages are recoverable, evidence of the nature, duration, and severity of the mental anguish is required.").[8]

Second, we conclude that Haase failed to raise a question of fact as to whether the defendants caused him economic harm. He presented no evidence that he was unable to complete his business plan due to the defendants' actions in seeking sanctions against him; that he was unable to grow his business; or that he suffered any loss in income or net worth as a result of the sanctions. Haase *alleged* in his summary-judgment response that these things occurred, but he presented no documentary or affidavit proof that they did *in fact* happen. Allegations, however, are not evidence. *S.R.S. World Wheels, Inc. v. Enlow*, 946 S.W.2d 574, 575 (Tex. App.—Fort Worth 1997, no writ). The evidence also does not show that the defendants' alleged misconduct in seeking sanctions was the cause of a "delay" in enforcing Haase's patent, or that any such delay was harmful.

Finally, no evidence supports Haase's assertion that he suffered any injury to his reputation, whether due to the "public knowledge of scandal, humiliation and vexation associated with [the Sanctions Ruling]" or otherwise. Haase did not attest to any loss of

---

[8] We express no opinion as to whether any of the defendants' alleged acts or omissions is an "occurrence for which mental anguish damages are recoverable."

reputation associated with the Sanctions Ruling or present any other reputation evidence. None of the evidence on which he relies contains any discussion of his reputation or of the public's awareness of the Sanctions Ruling or his alleged mental anguish. *See Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 505 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (explaining that, with exceptions inapplicable here, a plaintiff cannot recover for damage to reputation absent competent evidence of "actual injury"). There also is no evidence that any of the defendants' alleged acts or omissions were the cause of any such harm. The federal appellate court agreed in *ClearValue II* that Haase's conduct was worthy of sanction. Although that court reduced the penalty imposed by the trial court, the trial court's findings regarding Haase's behavior remained intact. Under these facts, we fail to see how the defendants' acts or omissions caused Haase harm.

Because there is no evidence that Haase has been damaged as a result of the defendants' acts or omissions as alleged in this case, we overrule his second issue, in which he contends that genuine issues of material fact preclude summary judgment. We also overrule his fourth issue, in which he argues that state and federal law do not support summary judgment. Our disposition of these issues makes it unnecessary to address Haase's remaining arguments.

## IV. CONCLUSION

Because Haase failed to respond to the summary-judgment motion with evidence sufficient to raise a question of fact as to whether he was damaged by the defendants' alleged wrongful conduct, we affirm.

/s/      Tracy Christopher
        Justice

Panel consists of Justices Brown, Boyce, and Christopher.

11