(101 So. 77)

### BROWN v. STATE.   (8 Div. 145.)

(Court of Appeals of Alabama.   April 8, 1924. Rehearing Denied June 24, 1924.)

1. Intoxicating liquors ⬅233(1) — Evidence that coat found at still matched defendant's trousers held relevant.

In a liquor prosecution, evidence that a coat found at still matched defendant's trousers, and there being evidence of his ownership thereof other than that it appeared to be about his size and of the same material as trousers, was relevant as a circumstance tending to connect defendant with the still.

2. Criminal law ⬅450 — Sheriff's testimony that coat found at still was coat to defendant's trousers held a conclusion and to invade jury's province.

In a liquor prosecution, where a coat had been found at a still which matched defendant's trousers, it was error to permit sheriff to testify that in his opinion it was the coat to trousers that defendant was wearing; such testimony being a conclusion, and invading jury's province.

3. Criminal law ⬅363—Evidence of tracks at still held relevant as part of res gestæ.

In a liquor prosecution, evidence of tracks at still and a description thereof and direction of tracks when leaving still *held* relevant as part of the res gestæ.

4. Intoxicating liquors ⬅233(1)—Tracks found at still would connect defendant with making liquor if his feet fitted them and they indicated that person making them had been working at still.

In a liquor prosecution, if defendant voluntarily placed his foot in tracks found at a still, and it fitted such tracks, it would be a circumstance connecting him therewith, and, if their number and position indicated that person making them had been working at still, it would connect defendant with offense charged.

5. Criminal law ⬅531(1) — Confessions are presumed to be involuntary and inadmissible in absence of proper predicate.

Confessions of defendants on trial for crime are presumed to be involuntary and inadmissible in absence of a proper predicate.

6. Criminal law ⬅536—Defendant's statement that he was guilty of making intoxicating liquor held inadmissible where no proper predicate laid.

In a liquor prosecution, court erred in permitting state to prove defendant's statement, made to witness in a federal prosecution for same offense, that he was guilty of making liquor at the still as charged, where the judicial confession in federal court was denied by defendant and not proven.

Appeal from Circuit Court, Lauderdale County; Chas. P. Almon, Judge.

John Brown was convicted of manufacturing prohibited liquors, and appeals. Reversed and remanded.

Defendant was jointly indicted with John Schrimpscher, but was tried alone.

On the trial one Davis, a witness for the state, testified that he was a witness against defendant in the federal court, and heard defendant make a statement at the government building the last term of the federal court. Whereupon he was asked the following question, and the following occurred:

"I will ask you whether you heard him say at the government building that he was guilty of making liquor at the still, that he was going to plead guilty and he did plead guilty?"

"To which question the defendant objected on the ground that it called for testimony that was illegal, irrelevant, and immaterial, and that it was seeking to elicit from the witness an implied confession of the defendant for which no predicate had been laid, which objection was overruled, and the defendant then and there excepted, and the witness answered, 'Yes.' Which answer the defendant moved to exclude on the grounds stated to the foregoing objection, which motion was overruled, and the defendant then and there excepted."

Upon recross-examination of the defendant by state's solicitor this occurred:

"Did you plead guilty to the charge of making liquor at the time that Mr. Romaine and Mr. Davis said you did?

"To which question the defendant objected, and which objection was overruled, and the

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

defendant excepted, and the witness answered: 'No, sir, I never said I would.'

"Question: Didn't you serve a term in jail? Didn't you plead guilty? Answer: No, sir; I walked up there, and Schrimpscher pleaded guilty.

"Question: You and Schrimpscher served a sentence together? Answer: Yes, sir.

"Question: The same length of time? Answer: Yes, sir.

"Question: You did not stand trial? Answer: No, sir."

Bradshaw & Barnett, of Florence, for appellant.

Proof of tracks without connecting defendant with them was prejudicial error. Reed v. State, 18 Ala. App. 181, 90 South. 37.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The corpus delicti may be shown by evidence from which the inference may be drawn that the offense has been committed. Patterson v. State, 202 Ala. 65, 79 South. 459. Evidence of tracks leading from the place of a crime to defendant's house is admissible. 1 Mayfield's Dig. 332. Likewise that defendant's shoes fit the tracks. Morris v. State, 124 Ala. 46, 27 South. 336. Judicial confessions need not be shown to be voluntary. 1 Mayfield's Dig. 209.

SAMFORD, J. The indictment was in two counts, charging manufacturing whisky and possessing a still. The conviction was under the first count.

Without setting out the evidence we hold that there were sufficient facts proven from which the jury could legally infer that the corpus delicti was proven; that is, that some one had manufactured whisky at the time and place charged.

[1, 2] In order to connect the defendant with the crime charged, the state made proof that a blue serge coat was found by them at the still place, and that at the place where defendant lived there was a pair of blue serge pants. There was no evidence of defendant's ownership of the coat other than that it appeared to be about the size for defendant and was of the same material as the trousers. This taken in connection with other facts proven was relevant to go to the jury as a circumstance in the case, tending to connect defendant with the still, but the sheriff should not be permitted to testify that in his opinion "it was the coat to the trousers you saw him wearing." This was a conclusion, and invasive of the province of the jury.

[3, 4] It is elementary law that confessions descriptive of the tracks and also the direction of the tracks when leaving the still are relevant as a part of the res gestæ, and, if defendant voluntarily placed his foot in the tracks, and it fit the track, this would be a circumstance connecting the defendant with the tracks, and, if the number and position of the tracks indicated that the person making them had been working at the still, would connect defendant with the offense charged.

[5, 6] It is elementary law that confessions of defendants on trial for crime are presumed to be involuntary and inadmissible in the absence of a proper predicate. The court erred in permitting the state to prove, without proper predicate, the statement of defendant to the effect that he was guilty of making liquor at the still where here charged. The judicial confession in the federal court was denied by defendant and not proven.

For error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.