Paula A. WYATT, Robert L. Wyatt, The Wyatt Law Firm, Ltd., Wyatt & Wyatt, P.C., and Wyatt Farms, Ltd., Appellants,

v.

Jack B. COWLEY and Jack B. Cowley, P.C., Appellees.

No. 13–01–00692–CV.

Court of Appeals of Texas, Corpus Christi.

May 2, 2002.

Rehearing Overruled May 30, 2002.

Audrey Mullert Vicknair, Bracewell & Patterson, L.L.P., R. Clay Hoblit, Roberta Dohse, Chaves, Gonzales & Hoblit, Thomas L. Busby, Corpus Christi, for Appellant.

C. Gerard Miller, Jr., Jack B. Cowley, Corpus Christi, for Appellee.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice HINOJOSA.

This is an interlocutory appeal from an order granting a temporary injunction. *See* TEX.R.APP. P. 47.1.

---

3. Because of our disposition of the first issue, we need not address the remaining issues.

On October 3, 2001, the trial court signed a temporary injunction order, enjoining appellants, Paula A. Wyatt, Robert L. Wyatt, The Wyatt Law Firm, Ltd., Wyatt & Wyatt, P.C. and Wyatt Farms, Ltd., from:

> transferring, pledging, assigning, encumbering, spending, or otherwise using or depleting one-third (1/3) of any money recovered as attorneys' fees in any claim or cause of action where Wyatt, Wyatt & Cowley was named as a party, less one-third of the expenses on a case by case basis ..., to a contingent fee and/or an attorney-client contract....

In four issues, appellants contend the trial court abused its discretion in signing the temporary injunction order because: (1) the evidence failed to establish that appellees, Jack B. Cowley and Jack B. Cowley, P.C., are threatened with irreparable injury absent entry of the temporary injunction; (2) appellees clearly have an adequate remedy at law; (3) the trial court required an inadequate bond to secure the temporary injunction; and (4) the temporary injunction order is fatally flawed. We declare the temporary injunction order to be void and order that it be dissolved.

■ Under Texas procedure, appeals are allowed only from final orders or judgments. *Jack B. Anglin Co. v. Tipps,* 842 S.W.2d 266, 272 (Tex.1992). Unless a statute specifically authorizes an interlocutory appeal, Texas appellate courts have jurisdiction only over final judgments. *Cherokee Water Co. v. Ross,* 698 S.W.2d 363, 365 (Tex.1985) (orig.proceeding). Section 51.014 of the civil practice & remedies code specifically allows appeal of various interlocutory orders, including an order that "grants ... a temporary injunction ... [.]" TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.2002). Therefore, we have jurisdiction to consider this interlocutory appeal.

■ In their fourth issue, appellants contend the temporary injunction order is fatally flawed because it does not contain an order setting the cause for trial on the merits. Appellees argue that the injunction order is not fatally flawed because the trial court signed a docket control order on August 27, 2001, setting the cause for trial on February 18, 2002. Without reference to any case law, appellees assert that "to require the restatement of the February 18, 2002 trial setting in the temporary injunction order would have been both duplicitous [sic] and unnecessary, since the case had already been set for trial."

Regardless of the content of any docket control order, we conclude this appeal is governed by the Texas Supreme Court's opinion in *InterFirst Bank v. Paz Constr. Co.,* 715 S.W.2d 640 (Tex.1986). In *InterFirst Bank,* the trial court's temporary injunction order failed to include an order setting the matter for trial on the merits contrary to Texas Rule of Civil Procedure 683, which provides: "Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought." *InterFirst Bank,* 715 S.W.2d at 640–41; *see* TEX.R. CIV. P. 683. The supreme court stated:

> The requirements of Rule 683 are mandatory and must be strictly followed. When a temporary injunction order does not adhere to the requirements of Rule 683 the injunction order is subject to being declared void and dissolved.

*InterFirst Bank,* 715 S.W.2d at 641 (citations omitted); *see also Qwest Communications Corp. v. AT & T Corp.,* 24 S.W.3d 334, 337 (Tex.2000); *Corpus Christi Caller–Times v. Mancias,* 794 S.W.2d 852, 854 (Tex.App.-Corpus Christi 1990, orig. proceeding).

The record clearly shows that the trial court's temporary injunction order of Octo-

ber 3, 2001, does not contain an order setting the cause for trial on the merits. Because the order does not conform to the mandatory requirements of rule 683, we hold the trial court abused its discretion by rendering and signing the order. *Univ. Interscholastic League v. Torres,* 616 S.W.2d 355, 357–58 (Tex.Civ.App.-San Antonio 1981, no writ); *see also Moreno v. Baker Tools, Inc.,* 808 S.W.2d 208, 210 (Tex.App.-Houston [1st Dist.] 1991, no writ) (stating injunction order must include specific date for trial on merits); *Hopper v. Safeguard Bus. Sys., Inc.,* 787 S.W.2d 624, 626 (Tex.App.-San Antonio 1990, no writ) (failure of temporary injunction order to meet strict requirements of rule 683 on its face renders order fatally defective and void).

We sustain appellants' fourth issue. In light of our disposition, it is not necessary to address appellants' remaining issues. TEX.R.APP. P. 47.1.

We declare the trial court's temporary injunction order to be void and order that it be dissolved.