NUMBER
13-01-00858-CV

 

                                     COURT
OF APPEALS

 

                                 THIRTEENTH
DISTRICT OF TEXAS

 

                                   CORPUS
CHRISTI B EDINBURG

 

OSCAR A.
KNIGHT, JR. AND BRYAN P. KNIGHT,                  Appellants,

 

                                                                             v.

 

REBA LAVELLA
VOLKART,                                                             Appellee.

 

               On
appeal from the 197th District Court of Cameron County, Texas.

 

                                           O
P I N I O N

 

                              Before
Justices Hinojosa, Yañez, and Castillo

                                                     Opinion
by Justice Hinojosa

 








This is an interlocutory appeal from the
trial court=s order granting a temporary injunction in
favor of appellee, Lavella Volkart, and denying a temporary injunction
requested by appellants, Oscar Knight, Jr. and Bryan P. Knight.  In a single issue with four sub-issues,
appellants contend the trial court erred in granting appellee=s request for a temporary injunction and
denying their request for a temporary injunction.  We declare the trial court=s temporary injunction order to be void and
order that it be dissolved.  We reverse
the trial court=s order denying appellants= request for a temporary injunction and
remand the case to the trial court with instructions that it grant appellants= request for a temporary injunction.

                                                             A.  Background

The underlying suit involves a dispute over
the ownership of the Koffee Klatch Restaurant. 
Two of the parties, Oscar Knight and Volkart, were previously before
this Court on appeal from a divorce case out of the 107th District Court of
Cameron County.  See Knight v. Volkart‑Knight,
No. 13‑00‑514‑CV, 2001 Tex. App. LEXIS 5035, *10 (Tex.  App.BCorpus Christi July 19, 2001, no pet.)  (not designated for publication).  The 107th District Court signed temporary
orders on May 12, 1998, granting Volkart Atemporary exclusive control of the business
known as the >Koffee Klatch= located at 101 South Sunshine Strip,
Harlingen, Texas, pending final hearing@ of the divorce case.  On final hearing, the court awarded the
Koffee Klatch to Volkart.  We reversed
the 107th District Court=s finding of an informal marriage and held
that the court=s decree of divorce and award of property
and allocation of debt could not stand.  Id.  On remand, on October 18, 2001, the 107th
District Court signed a final judgment that Volkart take nothing by her divorce
suit.  Accordingly, the court=s temporary order granting Volkart Atemporary exclusive control@ of the Koffee Klatch terminated on October
18, 2001.  Nevertheless, Volkart remained
in possession of the Koffee Klatch.








On October 25, 2001, Oscar Knight filed a
forcible detainer action in the Justice Court of Cameron County.  Volkart answered and asserted she was an
equitable owner of the Koffee Klatch.  On
November 8, 2001, the Justice Court stayed the forcible detainer action, and
ordered that Volkart put up a possession bond.[1]  Volkart filed a possession bond of five
thousand dollars with the Justice Court on October 30, 2001.

In the early morning hours of November 19,
2001, Oscar Knight entered the Koffee Klatch, changed the locks, and took sole
possession of the restaurant premises. 
Later that day, Oscar Knight nonsuited his case against Volkart in the
Justice Court of Cameron County.  The
Knights also filed the underlying case in the 197th District Court of Cameron
County, seeking declaratory judgment relief, a temporary restraining order (ATRO@), a temporary injunction, and a permanent
injunction.  On November 19, 2001, the
197th District Court granted the requested temporary restraining order and
ordered Volkart to appear at a temporary injunction hearing set for November
30, 2001.

On November 21, 2001, Volkart filed a AMotion To Dissolve TRO Instanter and To Set
Hearing On Lavella Volkart=s Request For TRO and Motion for Sanctions,@ asserting the Knights had violated a local
rule of the Cameron County courts which provides that ex parte relief
shall not be granted when an attorney knows an opposing party is represented by
counsel and fails to notify counsel that ex parte relief has been
requested.  Volkart=s motion was not verified by affidavit and
did not otherwise comply with Texas Rule of Civil Procedure 682.  On November 26, 2001, the 197th District
Court dissolved the TRO and set Volkart=s request for injunctive relief for hearing
on November 30, 2001.








On November 30, 2001, the parties appeared
at the temporary injunction hearing. 
Three witnesses testified primarily regarding title and probable right
to relief.  At the conclusion of the
hearing, the trial court refused to grant the Knights= request for a temporary injunction.  Instead, the court granted Volkart a
temporary injunction, stating:  AI=m going to leave the status quo, . . . the
last status quo was that she was in possession.@

                                                              B.  Jurisdiction

Under Texas procedure, appeals are allowed
only from final orders and judgments.  Jack
B. Anglin Co. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992) (orig.
proceeding).  Unless a statute
specifically authorizes an interlocutory appeal, Texas appellate courts have
jurisdiction only over final judgments.  Qwest
Communications Corp. v. AT&T Corp., 24 S.W.3d 334, 336 (Tex. 2000) (per
curiam).  Section 51.014(a) of the civil
practice and remedies code states: A[a] person may appeal from an interlocutory
order of a district court, county court at law, or county court that: . . . (4)
grants or refuses a temporary injunction . . . .@  Tex. 
Civ.  Prac. & Rem.  Code Ann. ' 51.014(a) (Vernon Supp.  2002). 
Thus, we have jurisdiction to consider this interlocutory appeal. 

                                                  C.  Sub-Issues
Presented








In their first sub-issue, appellants contend
the trial court abused its discretion in granting Volkart=s request for a temporary injunction and
denying the Knights= request for a temporary injunction because
the status quo that should have been maintained was the Knights= possession of the Koffee Klatch
restaurant.   In their second sub-issue,
appellants contend the trial court=s temporary injunction order is void because
it does not set a separate bond and a separate bond was not posted.  In their third sub-issue, appellants contend
the trial court=s temporary injunction order is void because
it does not set the cause for trial on the merits with respect to the ultimate relief
sought.  In their fourth sub-issue,
appellants contend the trial court abused its discretion in granting Volkart a
temporary injunction because appellants were not provided with notice and the
injunction is not based on a petition.

                                                     C.  Standard
of Review

            A temporary injunction is an
extraordinary remedy and does not issue as a matter of right.  Butnaru v. Ford Motor Co., 84 S.W.3d
198, 204 (Tex. 2002) (citing Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993)
(per curiam)).  A decision on whether to
grant or deny a temporary injunction is within the sound discretion of the
trial court and should only be reversed if the trial court abused its
discretion.  Butnaru, 84 S.W.3d at
204; Walling, 863 S.W.2d at 58. 
At a temporary injunction hearing, the only issue before the trial court
is whether the status quo should be preserved pending trial on the merits.  Walling, 863 S.W.2d at 58; Davis v.
Huey, 571 S.W.2d 859, 862 (Tex. 
1978).  The reviewing court must
not substitute its judgment for the trial court's judgment unless the trial
court's order is so arbitrary, unreasonable, or based upon so gross and
prejudicial an error of law as to establish abuse of discretion.  Butnaru, 84 S.W.3d at 204; Johnson
v. Fourth Ct. App., 700 S.W.2d 916, 918 (Tex. 1985) (orig.
proceeding).  The trial court does not
abuse its discretion if it bases its decision on conflicting evidence.  Davis, 571 S.W.2d at 862.

                     D.  Order
Granting Volkart a Temporary Injunction

In their third sub-issue, the Knights
contend the trial court=s order granting Volkart a temporary
injunction is void because it does not contain a trial setting as mandated by
Texas Rule of Civil Procedure 683.








Rule 683 provides that A[e]very order granting a temporary
injunction shall include an order setting the cause for trial on the merits
with respect to the ultimate relief sought.@  Tex. 
R.  Civ.  P. 683; see Interfirst Bank San
Felipe, N.A. v. Paz Constr. Co., 715 S.W.2d 640, 641 (Tex.  1986) (per curiam).  In Interfirst Bank, the Texas Supreme
Court stated: 

The requirements of Rule 683 are mandatory
and must be strictly followed.  When a
temporary injunction order does not adhere to the requirements of Rule 683 the
injunction order is subject to being declared void and dissolved.

 

Interfirst Bank, 715 S.W.2d at 641; see also Qwest,
24 S.W.3d at 337; Wyatt v. Cowley, 74 S.W.3d 576, 577 (Tex. App.BCorpus Christi 2002, pet. dism=d w.o.j.). 

The trial court=s order granting Volkart a temporary
injunction order does not contain an order setting the cause for trial on the
merits.  Because the temporary injunction
order does not conform with the requirements of rule 683, we hold the trial
court abused its discretion by rendering and signing the order.  See Interfirst Bank, 715 S.W.2d
at 641; Wyatt, 74 S.W.3d at 578 (citing Univ. Interscholastic League
v. Torres, 616 S.W.2d 355, 357‑58 (Tex. Civ. App.BSan Antonio 1981, no writ)).

We sustain appellants= third sub-issue.

          E. 
Denial of the Knights= Request for a Temporary Injunction 

In their first sub-issue, the Knights
contend the trial court abused its discretion by denying their request for a
temporary injunction.  The Knights assert
that keeping them in possession of the Koffee Klatch would have maintained the
status quo.  Volkart asserts the trial
court exercised proper discretion in rejecting the Knights= request for a temporary injunction because
they did not come into court with clean hands.

                                                                  1.  Status Quo      








The purpose of a temporary injunction is to
preserve the status quo of the litigation's subject matter pending a trial on
the merits.  Butnaru, 84 S.W.3d at
204 (citing Walling, 863 S.W.2d at 57). 
The status quo is "the last, actual, peaceable, non‑contested
status that preceded the pending controversy."  In re Tex. Bd. of Pardons & Paroles,
989 S.W.2d 360, 362 (Tex.  1998) (orig.
proceeding) (Hecht, J., concurring) (quoting State v. Southwestern Bell Tel.
Co., 526 S.W.2d 526, 528 (Tex. 1975)).

The controversy concerning title to the
Koffee Klatch started when Volkart, claiming an informal marriage, filed for
divorce and obtained temporary orders from the 107th District Court giving her
exclusive control of the restaurant, pending final hearing of the divorce
case.  Although Volkart had lawful
possession of the restaurant by virtue of the court=s temporary orders, Oscar Knight contested
title and was opposed to her possession of the property.  On October 18, 2001, the 107th District Court
signed a final judgment that Volkart take nothing by her divorce suit.  Therefore, the court=s temporary orders terminated on October 18,
2001.

The evidence is uncontroverted that Oscar
Knight had lawful possession of the restaurant from the time he purchased it
until May 11, 1998, when the 107th District Court rendered temporary orders
giving Volkart exclusive control of the restaurant.  Oscar Knight testified he was at the
restaurant seven days a week, except Christmas, between October 1997 and May
11, 1998.  Volkart presented no evidence
that she had exclusive possession of the Koffee Klatch before May 11, 1998.








The only issue before the trial court was
whether the status quo should be preserved pending trial on the merits.  Walling, 863 S.W.2d at 58; Davis,
571 S.W.2d at  862.   The 197th District Court found that Volkart
was in lawful and peaceful possession of the restaurant through November 18,
2001.  However, status quo also requires
uncontested possession, and Volkart was not in uncontested possession of the
restaurant through November 18, 2001.  See
In re Tex. Bd. of Pardons & Paroles, 989 S.W.2d at 362 (citing Southwestern
Bell Tel. Co., 526 S.W.2d at 528). 
The record reflects Oscar Knight has contested Volkart=s possession of the restaurant since the
107th District Court issued its temporary orders.  Furthermore, the temporary orders terminated
on October 18, 2001, when the 107th District Court entered its final judgment.

Volkart also had no right to possession through
the possession bond issued by the Justice Court because the Justice Court lost
jurisdiction once Oscar Knight nonsuited his case in that court.  A plaintiff has an absolute, unqualified
right to take a nonsuit upon timely motion as long as the defendant has not
made a claim for affirmative relief.  McQuillen
v. Hughes, 626 S.W.2d 495, 496 (Tex. 1981) (orig. proceeding) (per
curiam).  The granting of a nonsuit is
merely a ministerial act.  Shadowbrook
Apartments v. Abu-Ahmad, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam).  A trial court=s jurisdiction over a cause ends when a
notice of nonsuit is given for the only pending claim for affirmative
relief.  In effect, in such a situation,
the filing of a nonsuit divests a trial court of its subject matter
jurisdiction.  See Ex parte Norton,
118 Tex. 581, 17 S.W.2d 1041, 1043 (1929) (orig. proceeding); Strawder v.
Thomas, 846 S.W.2d 51, 59 (Tex. App.BCorpus Christi 1992, no writ) (op. on reh=g).  








Because "[a] trial court has no
'discretion' in determining what the law is or applying the law to the
facts," erroneous analysis or application of the law "will constitute
an abuse of discretion, and may result in appellate reversal by extraordinary
writ."  Walker v. Packer, 827
S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). 
Because the 197th District Court erroneously analyzed the status
quo,  we hold it abused its discretion.  See Butnaru, 84 S.W.3d at 204;
Johnson, 700 S.W.2d at 918.      

                                              2.  Elements of Temporary Injunction

Although the purpose of a temporary
injunction is the preservation of the status quo, to obtain a temporary
injunction, an applicant must plead and prove three specific elements:  (1) a cause of action against the defendant;
(2) a probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204; Walling,
863 S.W.2d at 57; Sun Oil Co. v. Whitaker, 424 S.W.2d 216, 218 (Tex.
1968).  To show an irreparable injury,
the complaining party must show that the threatened injury cannot be adequately
compensated by any remedies at law.  See
Ludewig v. Houston Pipeline Co., 773 S.W.2d 610, 615 (Tex. App.BCorpus Christi 1989, writ denied) (citing Public
Util. Comm=n. of Tex. v. Pedernales Elec. Coop., Inc., 678 S.W.2d 214, 219 (Tex. App.BAustin 1984, writ ref'd n.r.e.)).

When a trial court does not make findings of
fact and conclusions of law we will uphold the judgment on any legal theory
supported by the record.  See Davis,
571 S.W.2d at 862.  In this case, the
trial court made no findings of fact or conclusions of law pertaining to the
three elements of the Knights= application for temporary injunction.  Therefore, we will review the record to
determine if the order of the 197th District Court may be upheld under any
legal theory supported in the record.

                                                       a.  Probable Right to Relief








The Knights sued Volkart for a declaratory
judgment that they were the true owners of the Koffee Klatch restaurant.  In support of their claim of title and probable
right to relief, the Knights presented the testimony of three witnesses and
offered into evidence several documents showing that the restaurant was owned
by Oscar Knight.  The court admitted the
following documents into evidence:

(a)              
Bill of Sale for the Koffee Klatch Restaurant,
dated July 14, 1997, showing Steve Ray Nixon as Seller and Jack Knight[2]
as Buyer;

 

(b)              
Bill of Sale, dated July 23, 1997, signed by
Oscar A. Knight, Jr., Steve Ray Nixon, and Toni Jo Nixon;

 

(c)              
Warranty Deed to the building and property known
as the Koffee Klatch Restaurant, dated August 14, 1997, from Steve Ray Nixon
and Toni Jo Ann Nixon, Trustees for the Nixon Family Revocable Trust, to Oscar
A. Knight, Jr., reflecting a down payment of $16,700.00 and a promissory note
for the balance of $80,000.00;

 

(d)              
Deed of Trust from Oscar A. Knight, Jr. to Steve
Ray Nixon, Toni Jo Ann Nixon, or the Revocable Living Trust of the Nixon
Family, securing the $80,000.00 promissory note referred to in the Warranty
Deed;

 

(e)              
Assumed Name Certificate, filed on October 28,
1997 in the Cameron County Clerk=s Office,
showing Oscar A. Knight, Jr. doing business as a proprietorship known as the AKoffee
Klatch,@ at 101 South 77 Sunshine Strip, in
Harlingen, Texas;

 

(f)                
Restaurant=s Journal
Report, reflecting income and expenses from July 24, 1997 to December 31, 1997,
and showing Jack Knight as owner;

 

(g)              
Volkart=s 1997
and 1998 Individual Income Tax Returns, showing Volkart to be an employee of
the Koffee Klatch.

 








Oscar
Knight testified that he had transferred by deed an undivided interest in the
property to his son, Bryan P. Knight. 
The Knights also offered, and the court admitted, copies of the 107th
District Court=s decree of divorce and take-nothing
judgment after remand.  The court was
also given a copy of this Court=s
opinion, reversing and remanding the divorce case to the 107th District
Court.  The 107th District Court=s
decree of divorce and take-nothing judgment and this Court=s
opinion were presented to the court to establish that Volkart did not have lawful
possession after October 18, 2001, and to show the Knights=
probable right to relief.

In
support of her claim of title, Volkart testified that Oscar Knight had given
her the restaurant.  According to
Volkart, Apapers@ issued
by the 107th District Court proved that Oscar Knight had given her the
restaurant.  However, this Court=s
opinion reversed the 107th District Court=s decree
of divorce and remanded the case to that court for further action.  On remand, the 107th District Court issued a
take-nothing judgment against Volkart.

Volkart
also asserts she is an equitable owner of the restaurant because she has made
the monthly payments on the $80,000.00 promissory note to the Nixons since May
11, 1998, when the 107th District Court gave her temporary exclusive control of
the restaurant.  However, Volkart failed
to provide the 197th District Court with any evidence showing equitable
ownership.  Volkart admitted she does not
have a warranty deed or any other document reflecting her ownership of the
restaurant.  She also does not have a
lease or rental agreement entitling her to possession.  Volkart admitted that Oscar Knight made the
down payment on the restaurant and signed the $80,000.00 note.








Volkart
also offered into evidence the Justice Court=s
citation for possession bond and her $5,000.00 possession bond.  Although the parties disagree as to the
specific ruling of the Justice Court, they agree the Justice Court stayed the
forcible detainer action.  The Knights
contend the action was stayed because the court lacked subject matter
jurisdiction.  Volkart contends the case
was stayed because of pending actions in other courts.  Nevertheless, Oscar Knight nonsuited the case
in the Justice Court, and that court=s
jurisdiction ended when the notice was given. 
Because the Justice Court refused to proceed with the forcible detainer
action and subsequently was divested of jurisdiction by Oscar Knight=s
nonsuit, we conclude Volkart was not entitled to a possession bond.  We hold the record evidences the Knights=
probable right to relief.

                                           b.  Probable, imminent, irreparable injury

 Where a trespasser invades the possession
of a person's land, or destroys the use and enjoyment of that land, an
injunction is a proper remedy.  Beathard
Joint Venture v. W. Houston Airport Corp., 72 S.W.3d 426, 432 (Tex. App.BTexarkana
2002, pet. denied) (citing City of Arlington v. City of Fort Worth, 873
S.W.2d 765, 769 (Tex. App.BFort
Worth 1994, writ dism'd w.o.j.)).  Loss
of a business or loss of real property is an irreparable injury that will
support a temporary injunction to preserve the status quo.  See Walling, 863 S.W.2d at 58; Franklin
Sav. Ass'n v. Reese, 756 S.W.2d 14, 15-16 (Tex. App.BAustin
1988, no writ) (op. on reh=g). 

At
the time of the temporary injunction hearing, the Knights feared imminent,
irreparable injury to the premises by Volkart or her son.  Oscar Knight testified that Volkart=s
son had threatened to burn down the restaurant. 
The Knights also presented evidence that Volkart had insufficient funds
to cover any damages suffered by the Knights if Volkart continued to maintain
possession of the restaurant.  Volkart
did not refute this evidence.








No
adequate remedy at law exists if damages are incapable of calculation or if a
defendant is incapable of responding in damages.  Bank of the Southwest N.A., Brownsville v.
Harlingen Nat'l Bank, 662 S.W.2d 113, 116 (Tex. App.BCorpus
Christi 1983, no writ).   We can perceive
no other legal remedy that would have maintained the status quo, pending the
outcome in the underlying suit, other than the Knights=
requested temporary injunction.  Greathouse
v. Greathouse, 665 S.W.2d 801, 804 (Tex. App.BCorpus
Christi 1983, no writ).  We hold the
record evidences a probable, imminent, and irreparable injury.

A
trial court abuses its discretion in denying a temporary injunction when it
misapplies the law to established facts or the evidence reasonably supports the
conclusion that a probable right of recovery exists.  See Southwestern Bell Tel. Co., 526
S.W.2d at 528.  We hold the evidence
reasonably supports the conclusion that a probable right of recovery
exists.  Therefore, we conclude the trial
court abused its discretion by denying the Knights=
request for a temporary injunction.

                                                      3.  Unclean Hands Doctrine

Volkart
asserts the trial court exercised proper discretion in rejecting the Knights=
request for a temporary injunction because the Knights did not come into court
with clean hands.  Volkart contends the
Knights are not entitled to equitable relief because they:  (1) took possession of the Koffee Klatch in
the middle of the night on November 19, 2001, and changed the locks, and (2)
violated the local rule of the Cameron County courts which provides that ex
parte relief shall not be granted when an attorney knows an opposing party
is represented by counsel and fails to notify counsel that ex parte
relief has been requested.








The
"unclean" hands doctrine requires a person who comes into a court of
equity to enter with "clean hands." 
Grohn v. Marquardt, 657 S.W.2d 851, 855 (Tex. App.BSan
Antonio 1983, writ ref=d
n.r.e.); Munzenrieder & Assocs., Inc. v. Daigle, 525 S.W.2d 288, 291
(Tex. Civ. App.BBeaumont 1975, no writ).  The doctrine is applied to one whose own
conduct in connection with the same matter or transaction has been
unconscientious, unjust, or marked by a want of good faith, or one who has
violated the principles of equity and righteous dealing.  Thomas v. McNair, 882 S.W.2d 870, 880
(Tex. App.BCorpus Christi 1994, no writ); Ligon
v. E. F. Hutton & Co., 428 S.W.2d 434, 437 (Tex. Civ. App.BDallas
1968, writ ref'd n.r.e.); 34 Tex. Jur.
3d Equity ' 32
(2002).  The equitable maxim is confined
to misconduct in regard to, or at all events connected with, the matter in
litigation, so that it has in some measure affected the equitable relations
subsisting between the two parties, and arising out of the transaction; it does
not extend to any misconduct, however gross, which is unconnected with the
matter in litigation, and with which the opposite party has no concern.  Lazy M Ranch v. TXI Operation, LP, 978
S.W.2d 678, 683 (Tex. App.BAustin
1998, pet.  denied).  The doctrine Adoes not
operate to repel all sinners from a court of equity.@  Norris of Houston, Inc. v. Gafas, 562
S.W.2d 894, 897 (Tex. Civ. App.BHouston
[1st Dist.] 1978, writ ref'd n.r.e.) (quoting Kirkland v. Handrick, 173
S.W.2d 735 (Tex. Civ. App.BSan
Antonio 1943, writ ref=d
w.o.m.)).  The clean-hands doctrine Ashould
not be applied when the defendant has not been seriously harmed and the wrong
complained of can be corrected.@  Gafas, 562 S.W.2d at 897; Rodgers
v. Tracy, 242 S.W.2d 900, 905 (Tex. Civ. App.BAmarillo
1951, writ ref'd n.r.e.).








Because
the trial court made no findings of fact and conclusions of law that the
Knights had unclean hands, the issue before us is whether Volkart=s
assertion that the injunction was denied because the Knights had unclean hands is
supported by the record.  See Davis,
571 S.W.2d at 862.   Volkart contends the
Knights wrongfully took possession of the property because she had a legal
right to possess the property.  However,
we have already concluded that the orders of the 107th District Court and the
Justice Court did not provide Volkart with a legitimate right to possession.

The
record contains no documentary evidence showing that Volkart had a legal right
to possess the property.  The record
contains only Volkart=s
testimony that Oscar Knight gave her the restaurant.  Further, there is no evidence indicating a
want of good faith or a violation of the principles of equity and righteous
dealing by the Knights.  The Knights
acted solely to secure property they believe is legally theirs.   This conduct does not preclude the Knights
from obtaining equitable relief. 
Therefore, we conclude the Knights did not sully their hands by taking
possession of the Koffee Klatch.

We
also conclude the Knights did not sully their hands by violating a local rule
of the Cameron County courts when they obtained the TRO.  On Volkart=s motion,
the trial court dissolved the TRO because it found the Knights=
attorney was aware that Volkart was represented by counsel when he obtained the
ex parte order.  The trial court
attributed the procedurally improper conduct to the Knights=
attorney, not to the Knights.  Furthermore,
while not in accordance with the local rules of the Cameron County courts, we
note the conduct was in accordance with the Texas Rules of Civil
Procedure.  See Tex. 
R.  Civ.  P.  680
(allows ex parte injunctive relief where the facts show Athat
immediate and irreparable injury, loss, or damage will result to the applicant
before notice can be served and a hearing had thereon@
and does not prohibit ex parte injunctive relief where an enjoined party
is represented by counsel).  A violation
of a local rule, without more, does not demonstrate bad faith or inequitable
conduct by the Knights.








To
demonstrate bad faith, Volkart contends Oscar Knight Abragged
that Volkart=s attorneys were not going to know
anything about all this >until
it was too late.=@  However, the record contains no evidence
substantiating this contention. 
Accordingly, we conclude the violation of the local rule by the Knights=
attorney does not preclude the Knights from obtaining equitable relief.  Therefore, we conclude the Knights did not
come into court with unclean hands.

We
sustain appellants= first sub-issue.  

                                                              G.  Conclusion

In
light of our disposition of appellants= first
and third sub-issues, we conclude it is unnecessary to address their second and
fourth sub-issues.  See Tex. R. App. P. 47.1.

We
declare the trial court=s
temporary injunction order to be void and order that it be dissolved.  We reverse the trial court=s
order denying appellants= request
for a temporary injunction and remand the case to the trial court with
instructions that it grant appellants= request
for a temporary injunction.

 

FEDERICO
G. HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

21st day of November, 2002.











[1] Volkart asserts the
Justice Court action was stayed pending resolution of the title and possession
issues pending in the 107th District Court of Cameron County (the divorce
action) and the 92nd District Court of Hidalgo County (suit filed by Oscar
Knight to resolve the restaurant ownership dispute).





[2]
The record reflects
that Oscar A. Knight, Jr., is also known as AJack.@