

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-11-00471-CV

GRUPO CONSEJERO MUNDIAL, S.A. DE C.V.,               Appellant,

v.

ALEJANDRO GARZA SALINAS,                            Appellee.

### On appeal from the County Court at Law No. 1
### of Nueces County, Texas.

## NUMBER 13-11-00493-CV

## IN RE GRUPO CONSEJERO MUNDIAL, S.A. DE C.V.

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Chief Justice Valdez

Appellant, Grupo Consejero Munidal, S.A. de C.V., has filed an interlocutory appeal challenging the trial court's entry of three orders purporting to award temporary injunctive relief to appellee, Alejandro Garza Salinas. The same orders have also been challenged by appellant in an original proceeding for writ of mandamus, which the Court previously consolidated with the interlocutory appeal. *See In re Valero Energy Corp.*, 968 S.W.2d 916, 916–17 (Tex. 1998) ("We note for future cases that the better course of action for a court of appeals confronted with an interlocutory appeal and a mandamus proceeding seeking to . . . [challenge the same interlocutory order] would be to consolidate the two proceedings and render a decision disposing of both simultaneously, thereby conserving judicial resources and the resources of the parties."). For the reasons set forth below, we sustain the sole issue raised by appellant in cause number 13-11-00471-CV, reverse and remand the case to the trial court for further proceedings consistent with this opinion. We conditionally grant the petition for writ of mandamus in cause number 13-11-00493-CV.

## I. BACKGROUND

These consolidated proceedings originate from a suit brought by Salinas against the following persons and entities: (1) Grupo Consejero Mundial, LLC ("Grupo LLC"); (2) Grupo Consejero Mundial, S.A. de C.V. ("Grupo S.A."); and (3) Paula Wyatt, Paula Wyatt, P.C., and Wyatt Law Firm, Ltd. (collectively, "the Wyatts"). In his original petition, Salinas only brought suit against Grupo LLC and the Wyatts. Salinas alleged that on May 27, 2009, Grupo LLC, a Texas limited liability company, executed and delivered a note to Salinas wherein Salinas agreed to lend Grupo LLC $600,000 for which installment repayments were to be made on or before a specified date ("the Promissory

2

Note"). Salinas alleged that at the time of the transaction, Grupo LLC represented to him that it had referred cases to various law firms, including the Wyatt Law Firm, LTD, and that those firms had a contingency fee interest in any damages award received from the referred cases. According to Salinas, Grupo LLC provided him with a list of cases that were currently being litigated and in which Grupo LLC had an interest in any legal fees collected ("the listed cases"). Salinas claimed that in exchange for the $600,000 loan, Grupo LLC gave him a priority interest in the legal fees owed to it from the listed cases. After Grupo LLC allegedly defaulted on paying back the $600,000 loan, Salinas filed suit against Grupo LLC to recover his losses.

Salinas further alleged that the Wyatts were included as defendants because they were entitled to collect legal fees in at least four of the listed cases. Salinas sought a temporary injunction to enjoin the Wyatts from disbursing any legal fees collected from those cases to Grupo LLC. Salinas also requested declaratory relief. Specifically, Salinas asked the court to declare that he had an enforceable security interest in any legal fees that the Wyatts intended to pay Grupo LLC.

On November 24, 2010, Salinas filed his Second Amended Petition, wherein Grupo S.A., a Mexican corporation, was named as a defendant. Salinas sued Grupo S.A. after learning from the Wyatts that some of the listed cases in which fees were to be collected were to be contractually shared with Grupo S.A., not Grupo LLC. Salinas thus asserted that Grupo LLC either (1) fraudulently transferred its rights to fees in some of the listed cases to Grupo S.A. to avoid liability under the Promissory Note, or (2) misrepresented to Salinas that it had ownership interests in certain cases for the

3

purpose of inducing Salinas to make the loan. Salinas alleged that Grupo S.A. was part of a conspiracy to defraud him of $600,000.

Appellant has provided the following time-line of subsequent events:

On January 3, 2011, Grupo LLC was severed out of the suit after declaring bankruptcy. On January 12, 2011, Salinas took a default judgment against Grupo S.A. In the judgment, Grupo S.A. was severed out of trial court cause number, 2010-CCV-61649-1, from which this appeal originates, and assigned a new cause number: 2011-CCV-60082-1. On February 16, 2011, in response to Salinas's timely filed motion to modify judgment, the court entered a modified judgment against Grupo S.A. in the new cause. On March 16, 2011, Grupo S.A. filed a motion for new trial that sought to vacate the default judgment against it.

On April 13, 2011, Salinas amended his live pleading through a "First Supplemental Petition." In the supplemental petition, Salinas brought suit against eleven new parties, which can be organized into three groups: (1) the Laminack Defendants; (2) the Matthews Defendants; and (3) the Baker Defendants (collectively, "Collateral Defendants"). Collateral Defendants consist of attorneys and law firms. Salinas asserted that Collateral Defendants had received, or would be receiving, legal fees from some of the listed cases. Salinas sought a declaratory judgment that he was entitled to any legal fees that Collateral Defendants owed to Grupo S.A. Salinas also sought a temporary injunction to enjoin Collateral Defendants from disbursing any money owed to Grupo S.A.

On April 13, 2011, the court issued a temporary restraining order that, in part, prohibited Collateral Defendants from distributing to Grupo S.A. any money owed to

4

them that related to the listed cases. Collateral Defendants were also ordered to deposit said money into the court's registry.

On April 21, 2011, the court entered an order setting aside the default judgment against Grupo S.A. and granting a new trial. Because the order severing Grupo S.A. from cause number 2010-CCV-61649-1 was part of the default judgment that was vacated in its entirety, Grupo S.A. was effectively returned as a party to that cause, which is the cause from which this appeal arises.

On May 11, 2011, a hearing was held on Salinas's Application for Temporary Injunction. At the conclusion of the hearing, the court stated its intent to grant the application after revisions were made to Salinas's proposed orders granting injunctive relief.

On June 1 and 3, 2011, the court entered three orders that, together, granted all of Salinas's requested injunctive relief. The orders were as follows: (1) Agreed Temporary Injunction with Respect to Richard N. Laminack, Thomas Wayne Pirtle, Buffy Kay Martines, and Laminack, Pirtle & Martines, LLP ("the Laminack Order"); (2) Agreed Temporary Injunction with Respect to John Hickman Baker, Individually and in his/her Assumed or Common Name, and Baker, Brown & Dixon, P.C. ("the Baker Order"); and (3) Agreed Temporary Injunction with Respect to David Matthews, David P. Matthews, P.C., and David Paul Matthews, L.P. ("the Matthews Order"). Collectively, these three orders ("the Orders") prohibit Collateral Defendants from "[d]isbursing any funds in their possession or which come into their possession and are owing and/or to be paid to" Grupo S.A. Moreover, the Orders require Collateral Defendants to deposit

5

into the court's registry "any money now in their possession or control, or which may come into their possession or control, and which is owed to" Grupo S.A.

## II. ISSUE PRESENTED

In the interlocutory appeal, Grupo S.A. argues that the trial court erred in entering the Orders because they do not satisfy the requirements of Texas Rule of Civil Procedure 683. *See* TEX. R. CIV. P. 683. Specifically, appellant contends that the Orders: (1) fail to set the cause for trial on the merits; and (2) fail to set forth a detailed explanation of the reason for their issuance. *See id.*

In the original proceeding for writ of mandamus, Grupo S.A. argues that the trial court erred in entering the Orders requiring the Collateral Defendants to deposit in the court's registry any money that they owe to Grupo S.A. *See N. Cypress Med. Ctr. Operating Co. v. St. Laurent*, 296 S.W.3d 171, 179–80 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) ("North Cypress asked us to issue a writ of mandamus vacating the trial court's order because the record does not indicate that disputed funds are likely to be 'lost or depleted,' a requisite for the court's order. We agree, and conditionally grant mandamus relief.").

## III. INTERLOCUTORY APPEAL

### A. Standard of Review

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *State v. Walker*, 679 S.W.2d 484, 485 (Tex. 1984). A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Walker*, 679 S.W.2d at 485. The reviewing court must not substitute its judgment for the trial court's

6

judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985); *Davis v. Huey*, 571 S.W.2d 859, 861–62 (Tex. 1978).

## B. Applicable Law

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993); *Electronic Data Sys. Corp. v. Powell*, 508 S.W.2d 137, 139 (Tex. Civ. App.—Dallas 1974, no writ). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Walling*, 863 S.W.2d at 57. To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*; *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Canteen Corp. v. Republic of Tex. Props., Inc.*, 773 S.W.2d 398, 401 (Tex. App.—Dallas 1989, no writ).

Texas Rule of Civil Procedure 683 states a number of requirements that all temporary injunctions must satisfy:

> Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

7

> Every order granting a temporary injunction shall include an order setting the cause for trial on the merits with respect to the ultimate relief sought. The appeal of a temporary injunction shall constitute no cause for delay of the trial.

TEX. R. CIV. P. 683.

The requirements of rule 683 are mandatory and must be strictly followed. *Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986). When a temporary injunction order does not adhere to the requirements of rule 683, the injunction order is subject to being declared void and dissolved. *Id.* (citing *Northcutt v. Waren*, 326 S.W.2d 10, 10 (Tex. Civ. App.—Texarkana 1959, writ ref'd n.r.e.); *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357–58 (Tex. Civ. App.—San Antonio 1981, no writ); *Smith v. Hamby*, 609 S.W.2d 866, 868 (Tex. Civ. App.—Fort Worth 1980, no writ)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) West Supp. 2011) (authorizing interlocutory appeal of order granting a temporary injunction).

## C. Analysis

As a preliminary matter, we note that as a party adversely affected by the Orders of the trial court, Grupo S.A. has standing to invoke the court's subject matter jurisdiction. *See Bell v. Craig*, 555 S.W.2d 210, 212 (Tex. Civ. App.—Dallas 1977, no writ) ("Although Bell was not personally enjoined, the injunction effectively prevents him from proceeding with his complaint. Consequently, he was adversely affected by the injunction.").

We have previously addressed circumstances such as those presented by this case, where the trial court's order granting injunctive relief failed to comply with rule 683 of the Texas Rules of Civil Procedure. *See City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 710 (Tex. App.—Corpus Christi 2010, no pet.); *Wyatt v.*

8

*Cowley*, 74 S.W.3d 576, 577–78 (Tex. App.—Corpus Christi 2002, pet. dism'd w.o.j.). In those decisions, we noted that the provisions of rule 683 are mandatory requirements and that the trial court abuses its discretion by failing to comply with rule 683. *See Wyatt*, 74 S.W.3d at 577-78 ("The record clearly shows that the trial court's temporary injunction order of October 3, 2001, does not contain an order setting the cause for trial on the merits. Because the order does not conform to the mandatory requirements of rule 683, we hold the trial court abused its discretion by rendering and signing the order.") (internal citations omitted).

Accordingly, because the Orders in this case do not set the cause for trial on the merits, we conclude that the trial court abused its discretion by issuing the injunctive relief without complying with rule 683. *See Interfirst Bank San Felipe, N.A.*, 715 S.W.2d at 641. Therefore, to the extent the Orders at issue in this appeal purport to award injunctive relief, they are void and of no effect. *See City of Corpus Christi*, 311 S.W.3d at 710 ("We conclude that the trial court's order granting the temporary injunction requested by Friends fails to comply with the specificity requirements of Rule 683. *See* Tex. R. Civ. P. 683. Accordingly, it is void and of no effect."). Appellant's issue in its interlocutory appeal is sustained.

## IV. PETITION FOR WRIT OF MANDAMUS

To the extent the Orders require the Collateral Defendants to deposit in the court's registry any money that they owe to Grupo S.A., the relief awarded by the trial court is not in the nature of injunctive relief and is therefore not subject to interlocutory appeal. *See Structured Capital Res. Corp. v. Arctic Cold Storage, LLC*, 237 S.W.3d 890, 894 (Tex. App.—Tyler 2007, no pet.) ("An order requiring the deposit of funds into

9

the registry of a court cannot be characterized as an appealable temporary injunction, even if entered in response to a motion for injunctive relief."). Accordingly, our decision in Grupo S.A.'s interlocutory appeal does not address that aspect of the Orders and does not resolve the challenge to the Orders made by Grupo S.A. in its petition for writ of mandamus. *See Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex. App.—El Paso 2001, no pet.) (finding in part that "the second part of the order, requiring the deposit of funds into the registry of the court, is not injunctive relief and not subject to an interlocutory appeal"). Therefore, we proceed to the merits of the mandamus petition.

### A. Standard of Review

Mandamus relief may be available if the relator establishes a clear abuse of discretion for which there is no adequate appellate remedy. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Although we will not disturb the trial court's resolution of disputed fact issues, a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

### B. Applicable Law

To be entitled to an attachment, an applicant must comply with the provisions of the Texas Civil Practice and Remedies Code applicable to attachments. *See* Tex. Civ. Prac. & Rem. Code Ann. § 61.001, *et seq.* (West 2008). Prejudgment attachment is a particularly harsh and oppressive remedy. *See In re Argyll Equities, LLC*, 227 S.W.3d 268, 271 (Tex. App.—San Antonio 2007, orig. proceeding) ("Pre-judgment attachment is a particularly harsh, oppressive remedy. As a result, the statutes and rules governing

10

this remedy must be strictly followed.") (citations omitted); *Carpenter v. Carpenter*, 476 S.W.2d 469, 470 (Tex. Civ. App.—Dallas 1972, no writ) ("Since an early date in the history of our jurisprudence it has been said that the remedy by attachment is oppressive and harsh and therefore is subject to rigid rules of construction.").

By statute, a writ of attachment must be applied for in the following way:

[T]o apply for a writ of attachment, a plaintiff or the plaintiff's agent or attorney must file with the court an affidavit that states:

    (1)  general grounds for issuance under Sections 61.001(1), (2), and (3);

    (2) the amount of the demand; and

    (3) specific grounds for issuance under Section 61.002.

TEX. CIV. PRAC. & REM. CODE ANN. § 61.022 (West Supp. 2011). A writ of attachment is available to a plaintiff in a suit if it proves that:

    (1)    the defendant is justly indebted to the plaintiff;

    (2)    the attachment is not sought for the purpose of injuring or harassing the defendant;

    (3)    the plaintiff will probably lose his debt unless the writ of attachment is issued; and

    (4)    specific grounds for the writ exist under Section 61.002.

*Id.* § 61.001 (West 2008).

**C. Analysis**

We agree with Grupo S.A.'s contention that by requiring Collateral Defendants to deposit funds owed to Grupo S.A. into its registry, and by retaining those funds in its registry for an unspecified period of time, the trial court effectively attached that property. *See Sharman v. Schuble*, 846 S.W.2d 574, 576 (Tex. App.—Houston [14th

11

Dist.] 1993, orig. proceeding) ("By retaining the proceeds in the registry, the trial court has effectively attached the relator's property.").

Grupo S.A. contends that the trial court abused its discretion in ordering the attachment because: (1) there was no evidence that Grupo S.A. is justly indebted to Salinas, as required by section 61.001 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 61.001; (2) there was no affidavit submitted to the court, as required by section 61.022 of the Texas Civil Practice and Remedies Code, *see id.* § 61.022; and (3) there was no bond executed by Salinas, as required by section 61.023 of the Texas Civil Practices and Remedies Code, *see id.* § 61.023 (West 2008).

In response, Salinas contends that he was not required to comply with the statutory requirements for attachment because he was not seeking to attach Grupo S.A.'s property. Salinas argues that he was merely seeking to prevent the depletion of property to which he demonstrated a present claim. Furthermore, according to Salinas, Grupo S.A. failed to present any evidence that it has any present ownership interest in the property.

We disagree with Salinas. The Orders clearly contemplate attachment of property "owing and/or to be paid to" Grupo S.A. In relevant part, the Orders state the following:

> It is therefore, ordered that the [Collateral Defendants], their agents, servants, employees and anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from . . . [d]isbursing any funds in their possession or which come into their possession and are owing and/or to be paid to Grupo Consejero Mundial, S.A. de C.V., Grupo Consejero Mundial, L.L.C., Wilfrido Rogelio Garcia, Cesar Marcos Villarreal, and Oscar Garza Fernandez (collectively referred to herein as "Related Group"). . . . That the [Collateral Defendants are ordered to]

12

deposit into the Registry of this Court any money now in their possession or control, or which may come into their possession or control, and which is owed to any of the Related Group . . . .

We conclude that the Orders effectively attached the property of Grupo S.A. In addition, we conclude that the trial court failed to comply with the requirements of Chapter 61 of the Texas Civil Practice and Remedies Code in attaching the property of Grupo S.A. Accordingly, Grupo S.A. has demonstrated a clear abuse of discretion.

Finally, we conclude that, in this case, the benefits to mandamus review outweigh the detriments. *See Prudential Ins. Co.*, 148 S.W.3d at 136. Here, Grupo S.A. has been deprived of the use of its money without a showing either of liability or intent to hide assets from a possible judgment. Therefore, we hold that Grupo S.A. does not have an adequate remedy by appeal. *See N. Cypress Med. Ctr. Operating Co.*, 296 S.W.3d at 179–80. Accordingly, we conditionally grant mandamus relief.

## V. CONCLUSION

For the reasons set forth above, in cause number 13-11-00471-CV, we reverse the orders of the trial court and remand the cause for further proceedings consistent with this opinion. In cause number 13-11-00493-CV, the petition for writ of mandamus is conditionally granted. The writ will issue only if the trial court fails to vacate the attachment orders.

_____
Rogelio Valdez
Chief Justice

Delivered and filed the
29th day of March, 2012.

13