NUMBER 13-05-00488-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

                                                                                                                       


VALLEY BAPTIST MEDICAL CENTER D/B/A

WATSON W. WISE MEMORIAL DIALYSIS

AND VALLEY BAPTIST HEALTH SYSTEM,                                 Appellants,

 

                                                             v.

 

AURELIA H. AZUA,                                                                            Appellee.

                                                                                                                       


   On appeal from the 138th District Court of Cameron County,
Texas.

                                                                                                                       


                               O P I N I O N

 

               Before Justices Hinojosa,
Rodriguez, and Garza

                                      Opinion
by Justice Hinojosa

 








 Appellants, Valley Baptist Medical Center
d/b/a Watson W. Wise Memorial Dialysis and Valley Baptist Health System (AValley Baptist@), appeal from the trial court=s order denying their motion to dismiss all
claims filed by appellee, Aurelia H. Azua, for failure to timely file an expert
report.  In two issues Valley Baptist
contends that (1) this Court has jurisdiction over this interlocutory appeal,  and (2) the trial court erred in denying its
motion to dismiss because Azua=s claim is a health care liability claim for
which an expert report is required, and Azua failed to timely file such a
report.  We reverse and render.

                                A.  Factual
and Procedural Background

On November 30, 2004, Azua filed her
original petition against Valley Baptist, alleging that an employee of Valley
Baptist was negligent in the manner that the employee assisted Azua into a
wheelchair, causing her injuries and damages. 
On May 17, 2005, Valley Baptist filed a motion to dismiss Azua=s suit for failure to file the expert report
required by section 74.351 of the Texas Civil Practice and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351 (Vernon Supp. 2005).  Azua filed a response on June 13, 2005,
asserting that no expert report was required because her suit did not involve a
health care liability claim and, in the alternative, if the court found that an
expert report was required, Azua requested an extension of time to file the
report.

On June 16, 2005, the trial court heard and
considered Valley Baptist=s motion to dismiss.  After concluding that the case was not a
medical malpractice case, but merely a negligence case, the trial court denied
the motion.  At Azua=s request, the trial court reopened the
hearing and considered Azua=s request for an extension of time to file
the report, in the event it was later determined that the case is a medical
malpractice action.  The trial court
granted Azua a one-day extension, and she filed her expert report on June 17,
2005.  Valley Baptist then filed this
interlocutory appeal, pursuant to section 51.014(a)(9) of the Texas Civil
Practice and Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9) (Vernon Supp. 2005).








                                                              B.  Jurisdiction

In its first issue, Valley Baptist contends
that this Court has jurisdiction over this interlocutory appeal under section
51.014(a)(9) of the Texas Civil Practice and Remedies Code.  In response, Azua asserts that because she
was granted an extension of time to file an expert report under section
74.351(c) of the civil practice and remedies code, Valley Baptist is not
entitled to appeal the trial court=s interlocutory order.  

Unless a statute specifically authorizes an
interlocutory appeal, Texas appellate courts have jurisdiction only over final
judgments.  Wyatt v. Cowley, 74
S.W.3d 576, 577 (Tex. App.BCorpus Christi  2002, pet dism=d w.o.j.). 
Section 51.014(a)(9) provides, AA person may appeal from an interlocutory
order of a district court, county court at law, or county court that denies all
or part of the relief sought by a motion under Section 74.351(b), except that
an appeal may not be taken from an order granting an extension under Section
74.351.@  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9).

The provisions of section 74.351 pertinent
to this appeal are as follows:

 

a)         In a health care liability claim, a
claimant shall, not later than the 120th day after the date the original
petition was filed, serve on each party or the party's attorney one or more
expert reports, with a curriculum vitae of each expert listed in the report for
each physician or health care provider against whom a liability claim is
asserted.  The date for serving the
report may be extended by written agreement of the affected parties.  Each defendant physician or health care
provider whose conduct is implicated in a report must file and serve any
objection to the sufficiency of the report not later than the 21st day after
the date it was served, failing which all objections are waived.

 

(b)       If, as to a defendant physician or health
care provider, an expert report has not been served within the period specified
by Subsection (a), the court, on the motion of the affected physician or health
care provider, shall, subject to Subsection (c), enter an order that:

 








(1)       awards to the affected physician or
health care provider reasonable attorney's fees and costs of court incurred by
the physician or health care provider; and

 

(2)       dismisses the claim with respect to the
physician or health care provider, with prejudice to the refiling of the claim.

 

(c)        If an expert report has not been served
within the period specified by Subsection (a) because elements of the report
are found deficient, the court may grant one 30‑day extension to the
claimant in order to cure the deficiency. 
If the claimant does not receive notice of the court's ruling granting
the extension until after the 120‑day deadline has passed, then the 30‑day
extension shall run from the date the plaintiff first received the notice.

 

Tex.
Civ. Prac. & Rem. Code Ann. ' 74.351(a)-(c).

Although
section 51.014(a)(9) specifically authorizes an interlocutory appeal of the
denial of relief sought under section 74.351(b), section 74.351 applies only to
Ahealth care liability claims.@ 
Therefore, we must first determine if appellant=s claim constitutes a health care liability
claim.[1]

                                        1.  Health Care Liability Claim

Section 74.351
applies to Ahealth care liability claims.@  The
term Ahealth care liability claim@ is statutorily-defined as follows:

a cause of action against a health care provider or physician for
treatment, lack of treatment, or other claimed departure from accepted
standards of medical care, or health care, or safety or professional or
administrative services directly related to health care, which proximately
results in injury to or death of a claimant, whether the claimant=s claim or cause of action sounds in tort or
contract.

 

Tex.
Civ. Prac. & Rem. Code Ann. '
74.001(a)(13) (Vernon 2005), ' 74.351(a). 









We must first determine whether Azua=s cause of action is against a Ahealth care provider.@  Azua
contends that because her claim is one based on vicarious liability for the
negligence of an orderly, her case does not fall within the statute.  However, the statutory definition of Ahealth care provider@ includes Aa health care institution,@ which includes Aa hospital@ or Aa hospital system,@ as well as Aan employee, independent contractor, or
agent of a health care provider or physician acting in the course and scope of
the employment or contractual relationship.@  See
Tex. Civ. Prac. & Rem. Code Ann.
' 74.001(a)(11)(G), (11)(H), (12)(A)(vii),
(12)(B)(ii).  Because Azua filed suit
against Valley Baptist, a health care institution, and the orderly is an
employee of that health care institution, we conclude that the first element of
a Ahealth care liability claim@ is met.

We must next determine whether Azua=s cause of action is based on a claimed
departure from an accepted standard of medical care, health care, or safety or
professional or administrative services directly related to healthcare.  Tex.
Civ. Prac. & Rem. Code Ann. '
74.001(a)(13).  A cause of action alleges
a departure from accepted standards of safety if the act or omission complained
of is an inseparable part of the rendition of medical services.  See Diversicare Gen. Partner v. Rubio,
185 S.W.3d 842, 848 (Tex. 2005).  We look
to the underlying nature of the claim, not labels used by claimants, in
determining whether a claim is truly a Ahealth care liability claim.@  Boothe
v. Dixon, 180 S.W.3d 915, 919 (Tex. App.BDallas 2005, no pet.).

In her petition, Azua alleged that:








Plaintiff was to be assisted to a wheelchair by an employee of the
Defendants, Watson W. Wise Memorial Dialysis and Valley Baptist Health
System.  This employee negligently failed
to block the wheels of the wheelchair and it moved as your Plaintiff was
attempting to sit into the wheelchair. 
Your Plaintiff fell striking her amputated stump causing further injury
and damages made the basis of this lawsuit.

 

Although not admitted in her
petition, Azua does not dispute that she is a dialysis patient.  As an amputee, she was being assisted into a
wheelchair for dialysis treatment.  Azua
alleged that an employee of Valley Baptist, a health care provider, was
negligent in assisting her.  Clearly,
this act was an inseparable part of the rendition of medical services.  See Diversicare, 185 S.W.3d at
848.  Accordingly, we conclude that Azua=s cause of action constitutes a Ahealth care liability claim.@

                                              2.  Interlocutory Appeal

Azua asserts
that this Court does not have jurisdiction over this appeal because section
51.014(a)(9) precludes an appeal from an order granting an extension under
section 74.351(c).  Valley Baptist agrees
that section 51.014(a)(9) prohibits an interlocutory appeal of a section 74.351
extension order, but contends that the extension granted in this case was not
granted under section 74.351 and, thus, does not fall within the exception to
interlocutory appeal jurisdiction under section 51.014(a)(9).  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(9).








Section 74.351 allows an extension of time
to timely furnish an expert report in the following two instances:  (1) Aby written agreement of the affected parties,@ or (2) Ato cure a deficiency@ in an expert report served within the
120-day deadline.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a), (c); see also Emeritus Corp. v.
Highsmith,  No. 04-05-00551-CV, 2006
WL 1466542, at *2 (Tex. App.BSan Antonio May 31, 2006, no pet. h.);
Thoyakulathu v. Brennan, No. 06-05-00070-CV, 2006 Tex. App. LEXIS 3308, at
*6 (Tex. App.BTexarkana Apr. 27, 2006, no pet. h.).  The following facts are undisputed:  (1) Azua did not serve Valley Baptist with an
expert report before the trial court signed its June 16, 2005 order denying
Valley Baptist=s motion to dismiss and granting Azua an
extension of time, until June 17, 2005, to file an expert report; and (2) the
parties did not extend the 120-day deadline by written agreement.

Thus, for the trial court to properly grant
Azua an extension of time in which to serve an expert report, the extension
would have to be mandated by section 74.351(c). 
However, an extension under section 74.351(c) is available only when a
timely-served report does not meet the statutory definition of an Aexpert report@ because it has one or more deficiencies in
its contents.  Highsmith, 2006 WL
1466542, at *3; Thoyakulathu, 2006 Tex. App. LEXIS 3308, at *8.  An extension under section 74.351(c) is not
available if the expert report is not served by the deadline.  Highsmith, 2006 WL 1466542, at *3; Thoyakulathu,
2006 Tex. App. LEXIS 3308, at *8.  We
conclude that section 74.351(c) does not apply in this case because Azua did
not serve a Adeficient@ report by the deadline; she served no
report by the deadline.








Azua argues that we should be guided by our
memorandum opinion in Badiga v. Lopez, wherein we dismissed Badiga=s appeal for want of jurisdiction, holding
that A[t]he language of section 51.014(a)(9)
excludes the possibility of an interlocutory appeal regarding the 30-day
extensions granted under section 74.351(c), and thus does not create the
exceptional jurisdiction necessary for this Court to hear appellant=s claim.@  Badiga
v. Lopez,  No. 13-04-452-CV, 2005
Tex. App. LEXIS 5191, at *4 (Tex. App.BCorpus Christi July 7, 2005, pet. filed)
(memorandum opinion).  We find that case
distinguishable.  In Badiga, we
stated that the trial court extended the period of time within which appellee
was required to file a sufficient report pursuant to section 74.351(c).  Id. at *3.  However, in the present case an extension
could not have been granted under section 74.351(c) because a trial court does
not have authority to grant an extension when no report is served within 120
days of filing the claim.  See Tex. Civ. Prac. & Rem. Code Ann. ' 74.351(a), (c). 

Because the trial court=s extension order could not have been Aan order granting an extension under Section
74.351,@ we conclude that we have jurisdiction to review
this appeal.

                                                        C.  Motion
to Dismiss

A trial court's ruling on a motion to
dismiss a health care liability claim is reviewed for an abuse of
discretion.  Bowie Mem. Hosp. v.
Wright, 79 S.W.3d 48, 52 (Tex. 2002) (citing Am. Transitional Care Ctrs.
of Tex., Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001)).  A trial court abuses its discretion if it
acts without reference to any guiding rules or principles or acts in an
arbitrary or unreasonable manner.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985). 

Section 74.351 clearly mandates that when a
claimant fails to serve an expert report on a defendant health care provider
within 120 days after the date the claim was filed, the trial court
"shall," on motion of the health care provider, enter an order
dismissing the suit with prejudice.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 74.351(b)(2).  Here, Azua failed to serve an expert report
on Valley Baptist within the 120-day deadline, and Valley Baptist filed a
motion to dismiss asserting Azua's failure to timely serve the report.  By denying Valley Baptist=s motion to dismiss, we conclude the trial
court abused its discretion.  Appellant=s second issue is sustained.  








We reverse the trial court=s order denying appellant=s motion to dismiss and render judgment that
Aurelia H. Azua=s claims against Valley Baptist Medical
Center d/b/a Watson W. Wise Memorial Dialysis and Valley Baptist Health System
be dismissed with prejudice.

 

 

FEDERICO G. HINOJOSA

Justice

 

Opinion
delivered and filed this

the
27th day of July, 2006.











[1] Appellants address the issue of
whether appellee=s cause of action constitutes a Ahealth care liability claim@ in their second issue.  However, because we consider this issue a
jurisdictional matter,  we will address
it first.